DeHaven *et al. v.* Covalt.

No. 9248.

DeHaven et al. *v.* Covalt.

Judgment.—*Mortgage.—Execution.—Injunction.—Collateral Attack.*—When a court, having jurisdiction of the subject-matter and of the parties, renders a personal judgment, in a suit to foreclose a mortgage, for sums not due, providing in the decree that if the real estate should not sell for enough to satisfy all the indebtedness, there should be execution against other property, there can be no remedy by injunction, to prevent collection by execution, while the judgment stands unreversed.

From the Howard Circuit Court.

*J. H. Kroh* and *C. N. Pollard,* for appellants.

*J. C. Blacklidge* and *W. E. Blacklidge,* for appellee.

FRANKLIN, C.—This was an action by appellee against appellants for an injunction.

The complaint states substantially the following facts:

That on the 19th day of February, 1879, appellants McKinney and McKinney recovered a judgment and the foreclosure of a mortgage in the Howard Circuit Court against appellee, on three several promissory notes and a mortgage given to secure the payment of the same. The notes and mortgage were dated January 23d, 1878; the notes were severally due January 1st, 1879, January 1st, 1880, and January 1st, 1881; that the judgment on the first note, which was then due, was for $259.35; on the second note the judgment to become due on the 1st day of January, 1880, was for $200; on the third note the judgment to become due on the 1st day of January, 1881, was for $200; that on the 14th day of April, 1879, upon a copy of said decree, the sheriff sold all the real estate included in the mortgage and decree of foreclosure to appellants McKinney and McKinney, who bid the same off at a sum only sufficient to pay the amount of the judgment upon the first note, interest and costs; that said real estate was not redeemed from said sale, and that said sheriff, at the expiration of the year for redemption, executed to said appellants a deed for said real estate; that on the 10th day of November, 1880,

said appellants caused an execution to issue upon the judgment on the second note falling due January 1st, 1880; that appellant DeHaven, as sheriff, had such execution in his hands and was threatening to levy the same upon appellee's property. He prays that the execution and judgment be declared void, and that appellants be perpetually enjoined from collecting the same.

A demurrer to the complaint was overruled; appellants excepted, and refused to answer over. A judgment of perpetual injunction was rendered in favor of appellee.

The overruling of the demurrer has been assigned as error.

On motion of DeHaven, his name was stricken out as appellant, by order of this court.

In the judgment complained of the court found that the notes were given for instalments of the balance of the purchase-money due on the lands mortgaged. The judgment was by default and reads as follows:

" It is therefore considered by the court that plaintiff Martha R. McKinney recover of said Ebenezer D. Covalt said sum of ($259.35) two hundred and fifty-nine dollars and thirty-five cents, now due, with interest at eight per cent. per annum from date of rendition thereof. And the further sum of two hundred dollars, due January 1st, 1880. And also the further sum of two hundred dollars which will be due January 1st, 1881. Both of which last named sums, with interest at eight per cent. per annum from January 23d, 1878, with foreclosure of said mortgage against both defendants, and likewise all costs and charges in this suit expended, all without relief from valuation laws.

"And in default of the payment of said judgment, interest and costs now due and to become due, it is further ordered by the court, that said real estate, or so much thereof as may be necessary, be sold by the sheriff of Howard county as lands are sold on execution, without relief from valuation laws; and that the proceeds of sale be applied to costs of this suit, and then to said judgment then due, and interest thereon accrued;

and if there remains any surplus over, the same shall be paid to the clerk of this court, subject to the further order of the court; and if said real estate shall not sell for a sufficient sum to satisfy all of said indebtedness, the amount not satisfied shall be levied of any goods and chattels, lands and tenements of defendant Ebenezer D. Covalt subject to execution."

It is insisted by appellee, that this judgment for the subsequent instalments when due is void, and that no execution could be legally issued thereon.

The court in the original action had jurisdiction of the subject-matter of the suit, acquired jurisdiction of the person of the defendant by service of the proper process therein, and had jurisdiction to render judgment in the cause. Therefore, the personal judgment for the notes not due, to be paid when they should become due, and that in default, etc., execution issue, etc., if irregular, is not void, but only voidable, and the defendant can not permit the judgment to stand without taking any steps whatever to rectify it, and thus collaterally attack it, by enjoining the enforcement of an execution to collect it. *Gall* v. *Fryberger*, 75 Ind. 98; *Board of Commissioners of Clay County* v. *Markle*, 46 Ind. 96; *Earl* v. *Matheney*, 60 Ind. 202.

If the judgment was irregular or erroneous, the defendant had the right to appeal. Having failed to do so, an injunction can not now be resorted to as a remedy.

The court below erred in overruling the demurrer to the complaint, for which error the judgment ought to be reversed.

It is to be observed that in the case of *Skelton* v. *Ward*, 51 Ind. 46, there was no provision in the decree or judgment, as there is in this, that if the real estate should not sell for enough to satisfy all of the indebtedness, there should be execution against other property.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings.