State, *ex rel.* Dayton, etc., Co. *et al.*, *v.* Board of Comm'rs of Tippecanoe Co.

to concur in the opinion in this case. In our opinion the first paragraph of the complaint does not state facts sufficient to constitute a cause of action. As the court below overruled a demurrer thereto, the judgment, we think, should be reversed for the error thereby committed.

Filed Oct. 15, 1891.

———————

No. 16,485.

THE STATE, EX REL. DAYTON GRAVEL ROAD COMPANY ET AL., *v.* THE BOARD OF COMMISSIONERS OF TIPPECANOE COUNTY.

MANDAMUS.—*County Commissioners.*—A writ of mandate will not issue against a board of commissioners, when acting in a judicial capacity, to direct the performance of a judicial duty in any particular mode or to render any particular judgment.

SAME.—*Purchase of Gravel Road.*—Where the board of commissioners submits to the voters of a township the question of the purchase of a gravel road, and the election results in favor of the purchase, but the board refuses to make an order for such purchase, mandamus will not lie to compel the board to make such order, as in such a case the board acts judicially.

SAME.—*Adequate Legal Remedy.*—Mandamus will not lie where the party applying for the writ has an adequate legal remedy. The right of appeal is an adequate legal remedy, within the meaning of this rule.

From the Tippecanoe Circuit Court.

*A. Rice, W. S. Potter, J. R. Coffroth* and *W. R. Coffroth,* for appellants.

*J. B. Milner, J. M. La Rue, D. P. Vinton* and *H. H. Vinton,* for appellee.

COFFEY, J.—This was a suit in the Tippecanoe Circuit Court, by the appellant against the appellee, to compel the latter, by mandamus, to complete the purchase of the toll-road therein described. The court sustained a demurrer to the

petition, and the propriety of this ruling is presented for our decision. So much of the petition as is necessary to an understanding of the questions involved is, substantially, as follows:

The relator, the Dayton Gravel Road Company, is a gravel road corporation, duly organized under the laws of the State of Indiana, and has been such for more than twenty years last past, and was at and before the 15th day of October, 1890, and for more than twenty years theretofore, the owner, and in the possession of a line of gravel road lying and being situate in the townships of Fairfield, Wea and Sheffield, in said county. Said gravel road was, at the time aforesaid, and still is, a toll road. On the 15th day of October, 1890, there was presented to the defendant, * * then in special session, a petition signed by more than fifty freeholders and citizens of said townships of Fairfield, Wea and Sheffield, wherein said gravel road is located, representing to said board that said gravel road is a toll road, and asking said board to submit to the voters of said townships the question of purchasing said gravel road, and to take the necessary steps provided by law for holding an election by the voters of said respective townships as to whether said gravel road should be purchased.

At the time of presenting the petition the relator Jacob Benton was a citizen, freeholder, and taxpayer of Sheffield township, and the relator William S. Potter was a citizen, freeholder and taxpayer of Fairfield township, and they yet so remain.

Acting on said petition the board, on the 15th day of October, 1890, appointed Henry D. Miller, on behalf of the board, Francis Acheson, on behalf of the gravel road company, and Everett B. Vawter, the surveyor of Tippecanoe county, viewers, to view said road and determine the consideration to be paid for the same.

On the 8th day of November, 1890, they made their report to the board, then in special session, in which they des-

cribed the road as the same is described in this petition, and fixed the consideration to be paid therefor at the sum of ten thousand dollars.

On the 19th day of November, 1890, the board submitted to the gravel road company an offer to purchase said road for that sum, and required it to accept or reject, in writing, said offer, on or before the last day of the December term of the board; and on the 13th day of December, 1890, the gravel road company did accept said offer, and filed its written acceptance thereof with said board; and thereupon the board ordered a special election to be held in the townships of Fairfield, Wea, and Sheffield, on Saturday the 24th day of January, 1891, by the voters of said townships, at which election it was ordered there should be submitted to the voters of each of said townships the question of purchasing said gravel road, for the consideration above stated. It is alleged that the proper and legal notice of said election was given; that the election was held on the day named, resulting in a majority of six hundred and sixty in favor of the purchase of said road, which vote was duly certified to the board by the proper election officers; that on the 29th day of January, 1891, the gravel road company tendered to the board a deed for said gravel road, and at that time said road company was not indebted to any person; that thereafter, to wit, on the 3d day of February, 1891, the board, when in special session, then and there refused to make an order for the purchase of said toll and gravel road, and to issue the bonds of the county therefor to said company, and so entered such refusal upon its records.

Prayer for a writ of *mandamus* requiring the board of commissioners to make an order to purchase said road, and to issue to the relator, the Gravel Road Company, bonds of the county, dated February 3, 1891.

It is earnestly insisted by the appellee that the appellants have mistaken their remedy, and that the facts set up in the

petition do not make a case authorizing a resort to the extraordinary remedy of *mandamus*.

It seems to be settled, in this State, that the writ will not issue against a board of commissioners, when acting in a judicial capacity, to direct the performance of a judicial duty in any particular mode or to render any particular judgment. Where a board of commissioners refuses to act, however, in a matter upon which it is their duty to take some action, the writ will issue to compel action, but will not dictate the kind of judgment to be rendered. *State, ex rel.*, v. *Board, etc.*, 45 Ind. 501; *State, ex rel.*, v. *Board, etc.*, 63 Ind. 497.

The rule is stated by Mr. High, in his work on Extraordinary Legal Remedies, section 152, as follows: " But the most important distinction to be observed in administering relief against inferior courts, is, that while they may be compelled by *mandamus* to act, when they have refused to proceed, the writ being regarded as the most fitting remedy to set them in motion, yet it will in no case command the inferior tribunal how to act, nor indicate any specific judgment which it shall render. In other words, while *mandamus* is regarded as the appropriate remedy to set the machinery of the courts in motion, it will not control their motion, or direct the performance of any particular judicial act."

There is, perhaps, a class of cases, such as *Wood* v. *Strother*, 76 Cal. 545, and cases of a similar character, where the determination of the officer against whom the writ issued was not intended to be final, in which such officer may be compelled by *mandamus* to act in a particular way, even though he is exercising powers in their nature judicial; but in our opinion, this case does not belong to that class. A board of county commissioners, in this State, when acting judicially, is a court. In the matter of determining the sufficiency of the petition to purchase a toll road, and in determining the sufficiency of the notice of the election, the regularity of the election, in canvassing the vote, and declaring the result, investigating and passing upon the title of the person, or

company, to the road which is the subject of purchase, and in determining that such steps have been taken as authorizes it to complete the purchase, the board acts judicially. *Gilson* v. *Board, etc.,* 128 Ind. 65.

The board of commissioners of Tippecanoe county, presumably, after a full and fair consideration of all the matters connected with the proceeding having in view the purchase of the toll road described in the complaint, have reached a conclusion adverse to the petitioners, and have refused to grant their prayer.

This conclusion has been entered of record. Upon what they based their conclusion we are not informed, nor do we think it is necessary that we should know. It is sufficient for us to know that, in a matter involving a judicial investigation, it has reached, and has entered of record, a conclusion upon the merits of the controversy. Whether such conclusion was correct or erroneous is immaterial, for, the board of commissioners being a court, invested by law with power to pass upon the questions involved, it can not be compelled, by mandamus, to render a different judgment. *White* v. *Burkett,* 119 Ind. 431.

For another reason the court did not err, in our opinion, in sustaining a demurrer to the petition before us. It is well settled that a proceeding by *mandamus* will not lie where the party applying for the writ has an adequate legal remedy. *Marshall* v. *State, ex rel.,* 1 Ind. 72; *Board, etc.,* v. *Hicks,* 2 Ind. 527 ; *State, ex rel.,* v. *Board, etc.,* 25 Ind. 210.

The right of appeal is an adequate legal remedy, within the meaning of this rule. *State, ex rel.,* v. *Board, etc., supra;* *White* v. *Burkett, supra.*

As the board of commissioners of Tippecanoe county acted in the matter of the petition for the purchase of the toll road in question, in a judicial capacity, the parties claiming to be aggrieved by its final action had the right to appeal therefrom to the circuit court. *Grusenmeyer* v. *City of Lo-*

*gansport,* 76 Ind. 549 ; *Platter* v. *Board, etc.,* 103 Ind. 360 ; *City of Logansport* v. *La Rose,* 99 Ind. 117 ; *Padgett* v. *State,* 93 Ind. 396.

