GREGG, JUSTICE OF THE PEACE, v. STATE, EX REL. BRANCH.

[No. 18,481. Filed October 12, 1898.]

ATTACHMENT AND GARNISHMENT. — *Judgment.—Res Adjudicata.* — Whether property is liable to attachment or garnishment is a question to be determined by the court in which the proceeding is pending, and the question is *res adjudicata* after judgment, and the same is conclusive until vacated or set aside. *p. 243.*

MANDAMUS.—*Judgment.—Action to Correct Error.*—An action in mandamus will not lie to correct an error in a decision or judgment of a judicial tribunal, where the court had jurisdiction of the parties and of the subject-matter of the action, the only remedy in such action is by appeal. *p. 243.*

From the Madison Circuit Court.  *Reversed.*

*Herman F. Willkie* and *Henrietta Willkie*, for appellant.

*Goodykoonts, Ballard & Campbell,* for appellee.

MONKS, J.—It appears from the record that one Plowman commenced an action against the relator, Branch, before a justice of the peace of Madison county, to recover for groceries sold and delivered to said relator, and also filed an affidavit and undertaking for a writ of garnishment against the Pittsburg Plate-Glass Company, under the act of 1897 (Acts 1897, p. 233).   No affidavit showing any grounds for a writ of attachment, as required by section 925, Burns' R. S. 1894 (913 Horner R. S. 1897) was filed. The relator, Branch, filed an answer setting up that he was a resident householder of Madison county, Indiana, and that all of his property, real and personal, which he owned within and without the State, including the claim and debt due from the Pittsburg Plate-Glass Company, was worth less than $600, and claimed the same as exempt from execution.   No verified schedule of property within or without the State was filed by said Branch, as provided by sections 725, 726, Burns' R. S. 1894 (713, 714, Horner's R. S. 1897). The glass company, garnishee, also filed an answer admitting its indebtedness to the relator in the sum of $32.30.   The cause was tried by appellant, as justice of the peace, and judgment rendered on September 16, 1897, against the relator for $35.30, and against the garnishee for $7.30.

This action was brought by the defendant in that case, on the relation of the State, against appellant, as justice of the peace, on September 20, 1897, four days after the rendition of said judgment, to compel him, by writ of mandamus, to allow the relator his

exemption of $600 as a resident householder, which if sustained, would set aside and vacate the judgment of $7.30 against the garnishee defendant.

It is clear that appellant's judgment, in refusing to allow the relator his exemption and rendering judgment against the glass company was erroneous. *Hart* v. *O'Rourke, ante,* 205; *Pomeroy* v. *Beach,* 149 Ind. 511. Said judgment against the glass company, while erroneous, was not void. *Hart* v. *O'Rourke, supra.* It is true that when a householder files his verified schedule, and demands his exemption from a sheriff or constable, such officers, in appointing an appraiser and setting off property as exempt, do not act in a judicial capacity; but when a party to an action in attachment or garnishment claims the right to hold property as exempt on the ground that he is a resident householder of this State, such claim must be set up in answer to the proceeding in attachment or garnishment, and as a partial or complete defense thereto. *State, ex rel.* v. *Manly,* 15 Ind. 8; *Perkins* v. *Bragg,* 29 Ind. 507; *Haas* v. *Shaw,* 91 Ind. 384.

In passing upon the sufficiency of such answer, and the right of such party to plead such facts, and in the trial of said cause, and as to the right of such party to the exemption claimed by such answer under the evidence given, the court acts judicially. *Haas* v. *Shaw, supra,* pp. 392, 393. Whether the property is liable to attachment or garnishment is a question to be tried and determined by the court in which the proceeding is pending, and the question is *res adjudicata* after judgment, and the same is conclusive until vacated or set aside. *Haas* v. *Shaw, supra,* pp. 392, 393. It is settled law that mandamus will not lie to correct an error in a decision or judgment of a judicial tribunal; the only remedy in such case is by appeal, or if there was no jurisdiction and the judg-

ment is void, by injunction. *State, ex rel.,* v. *Board, etc.,* 131 Ind. 90, 93; *State, ex rel.,* v. *Board, etc.,* 63 Ind. 497, 502; *State, ex rel.,* v. *Board, etc.,* 45 Ind. 501; *Holliday* v. *Henderson,* 67 Ind. 103, 109; *Hart* v. *O'Rourke, supra; Fitch* v. *Byall,* 149 Ind. 554; *O'Brien* v. *Tallman,* 36 Mich. 13; 14 Am. & Eng. Ency. of Law, 127-129; Elliott App. Proc., Sec. 515. It is true that a judicial tribunal may be compelled to act, but not to make or refrain from making a particular decision. *State, ex rel.,* v. *Board, etc., supra,* p. 93; *State, ex rel.,* v. *Engle,* 127 Ind. 457, 459; *Holliday* v. *Henderson, supra,* p. 109; *State, ex rel.,* v. *Board, etc., supra,* p. 507; Elliott's App. Proc. Sec. 515; 14 Am. & Eng. Ency. of Law, 127-129.

As appellant, in the trial of said cause, and in rendering his decision and judgment as to the relator's right to an exemption, and as to the judgment against the garnishee, as well as in the main action, acted in a judicial capacity, in which capacity he had jurisdiction of the subject-matter of the action and the parties, it follows that his decision and judgment in said cause, even though erroneous, cannot be corrected by mandamus.

If appellant is compelled by a writ of mandamus to allow the relator his exemption as a householder, it would result in setting aside and vacating the judgment for $7.30 against the glass company, garnishee defendant, and would be correcting an erroneous decision of a judicial tribunal by mandamus. Under the authorities cited this cannot be done.

It follows that the court erred in sustaining appellee's demurrers to each paragraph of the return to the alternative writ, and in overruling the demurrer to the petition and alternative writ. Judgment reversed, with instructions to overrule the demurrer to each paragraph of the return, and to sustain the de-

murrer to the petition and alternative writ, and for further proceedings not inconsistent with this opinion.