STATE OF INDIANA, EX REL. FARMERS LOAN AND TRUST COMPANY, *v.* WRIGLEY, JUDGE.

[No. 23,225.    Filed January 18, 1918.]

1.  MANDAMUS.—*Construction.*—*Words Having Common Meaning.*—*Writs of Mandate.*—Since the words "writs of mandate" have a well-recognized meaning at common law, the presumption is that the words were used in their common-law sense in §1, Acts 1915 p. 207, which authorizes the issuance of such writs by the Supreme Court to lower courts to compel the performance of duties enjoined by law.    p. 81.

2.  MANDAMUS.—*To Court.*—*Change of Venue.*—*Construction of Statute.*—Mandamus is an extraordinary writ issued only to compel the performance of a clear legal duty that is not de-

pendent on the exercise of discretion or on judicial action: hence it is not the proper remedy to compel the trial court to grant a change of venue under §1, Acts 1915 p. 207, where the court construes §422b Burns 1914, Acts 1913 p. 348, as not allowing the change in the trial of an issue tendered by exceptions to the final report of an administrator, as the act of construction was judicial; the remedy is by appeal.   pp. 81, 83.

3.   APPEAL.—*Parties.*—*Mandamus.*—*Change of Venue.*—*Review.* —The denial of a change of venue in a pending proceeding between adversary parties on the ground that it is not allowed under §422b Burns 1914, Acts 1913 p. 348, is not reviewable in an original action in the Supreme Court by one of the parties to mandate the judge to grant the change, since only one of the parties is before this court and the rights of the other would be affected.   p. 82.

Original action by the State of Indiana, on the relation of the Farmers Loan and Trust Company of Columbia City, against Luke H. Wrigley, judge of the Whitley Circuit Court, for a writ of mandate.   *Mandate denied.*

*S. M. Sayler,* for relator.

*U. Z. Wiley,* for defendant.

LAIRY, J.—This is an original action brought in this court to compel by mandate the granting of a change of venue by Luke H. Wrigley, as judge of the Whitley Circuit Court, in a proceeding pending in that court.   On suggestion of the death of Fletcher J. Emley, administrator with the will annexed of Henry Rosen, deceased, relator since the time the suit was filed, and the appointment of the Farmers Loan and Trust Company of Columbia City, as his successor, it is hereby ordered that the Farmers Loan and Trust Company be substituted as relator.

The defendant appeared to the complaint filed by relator, and, waiving the issuing and service of the alternative writ, filed a demurrer to the complaint.   Upon oral argument of the questions presented by the demurrer it was agreed that the complaint was to be regarded by the court as amended so as to show that the

relator on February 10, 1917, as administrator with the will annexed of Henry Rosen, filed in the Whitley Circuit Court his final report in said trust, and that on March 1, 1917, one of the creditors filed exceptions thereto. On March 2, 1917, relator filed his affidavit in proper form and moved the court for a change of venue from the county, whereupon the defendant judge of the Whitley Circuit Court refused to grant such change of venue. The question thus presented is, Can the defendant as judge of the Whitley Circuit Court be compelled by mandate from this court to sustain the relator's motion and grant a change of venue?

This action is brought under the authority of an act of the general assembly approved on March 8, 1915. Acts 1915 p. 207. The part of the section upon which relator relies reads as follows: "And provided further, that such writs of mandate may issue out of the supreme court to the circuit, superior or criminal courts of this state respectively, compelling the performance of any duty enjoined by law upon such circuit, superior or criminal courts respectively, including the granting of changes of venue from the county in cases where such change of venue is allowed by law, and timely, proper and sufficient motion and affidavit have been filed therefor, and such change of venue has been refused."

It will be observed that the provisions in question confer the power on this court to compel, by mandate, a circuit, superior, or criminal court of this state to perform any duty enjoined by law upon such courts. Among the duties which may be thus compelled the statute expressly includes that of granting a change of venue from the county where such change has been refused in a case in which a change of venue from the county is allowed by law. The duty of a trial court to grant a change of venue in a proper case is not placed by the statute in a different class from other duties

imposed by law upon such court, but it is expressly included within the class of duties imposed by law which may be enforced by mandate from this court in a proper case. The power of this court to compel the granting of a change of venue does not rest upon different grounds from its power to compel the performance of any other duty imposed upon such a court by law.

The purpose of the act was to confer upon this court jurisdiction to compel by a writ of mandamus the performance of duties imposed by law upon certain

1. inferior courts named, but there is nothing in the act to indicate any intention on the part of the legislature to modify or change the nature or character of the writ or to make it applicable to the enforcement of any act or class of acts other than those to which it has been held to apply at common law and under previous statutes of the state. It will be presumed that the term "writs of mandate" as used in the statute was employed in the well-recognized sense in which it had been understood at common law, and in which it had been used in making an application of former statutes on the subject. When words having a well-recognized meaning at common law are used in a statute, it will be presumed that such words were used in their common-law sense. *Truelove* v. *Truelove* (1909), 172 Ind. 441, 444, 86 N. E. 1018, 88 N. E. 516, 27 L. R. A. (N. S.) 220, 139 Am. St. 404; *Burk* v. *State* (1867), 27 Ind. 430, 431; *Indiana Trust Co.* v. *Griffith* (1911), 176 Ind. 643, 651, 95 N. E. 573, 44 L. R. A. (N. S.) 896, Ann. Cas. 1914A 1023.

The writ of mandamus is an extraordinary writ which can be issued only to compel the performance of clear legal duty. The duty to do an act must be

2. absolute and imperative and not dependent on the exercise of discretion or upon judicial deter-

mination. *State, ex rel.* v. *Jackson* (1906), 168 Ind. 384, 386, 81 N. E. 62; *Paddock, Mayor,* v. *State, ex rel.* (1916), 185 Ind. 650, 114 N. E. 217. If the act is discretionary in its nature, or if the party charged with a duty is required to exercise judgment or to act judicially in determining whether the duty does or does not exist, the manner in which such a discretionary or judicial act is to be performed cannot be controlled by the writ. Ordinarily such a writ cannot serve as a means for reviewing a judicial decision nor to take the place of an appeal or a writ of error. *Gregg* v. *State, ex rel.* (1898), 151 Ind. 241, 243, 51 N. E. 359; *State, ex rel.* v. *Board, etc.* (1892), 131 Ind. 90, 93, 30 N. E. 892.

The parties to an action in which a decision is made should always be parties to a proceeding to review or reverse such a decision; otherwise the decision

3. of the reviewing tribunal could not be binding on the parties affected by the decision thus reviewed. The decision of a trial court in holding that a change of venue is not allowed by law in a case between adversary parties pending in such court cannot be reviewed and reversed by this court in an action by one of such parties brought against the judge refusing to grant the change of venue. The rights of the other party to the case pending in the trial court would be affected by such a decision and he would not be given an opportunity to be heard. It cannot be supposed that the legislature intended that rulings of trial courts involving controverted questions of law should be reviewed in this way.

The relator claims that the court was required to grant the change of venue in the case in which the affidavit was filed by virtue of §422b Burns 1914, Acts 1913 p. 348, which is in the words following: "That in any action, proceeding or matter, of any character or

nature whatever, relating to, connected with, or involving the estate of a decedent in any manner whatever, any of the parties thereto shall be entitled to a change of judge or a change of venue from the county for the same reasons, and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county in any civil action: Provided however, That nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent."

Defendant takes the position, as shown by his demurrer, that the trial of an issue tendered by an exception to the final report of an administrator falls within the proviso to the statute and that no change of venue can be allowed in such a case. It thus appears that the construction of a statute is involved and that the trial court has placed a construction on the statute and has ruled in accordance with such construction. Relator is not satisfied with the construction placed upon the statute by the trial court, but insists upon a different construction which would require the granting of the change of venue.

The construction of a statute is a judicial act. Where the action of a trial court in granting or refusing to grant a change of venue depends upon the decision of a controverted point of law, the error, 2. if any, in such ruling may be corrected on appeal, but the question of law in controversy cannot be presented to this court for decision by means of a petition for a writ of mandate. Such procedure would require this court to decide the controverted question of law in the mandamus action and then to issue a writ compelling the trial court to rule in accordance with such decision. Mandamus cannot be employed to control judicial action.

The remedy in this case is by appeal. The demurrer to the petition is sustained.

. Note.—Reported in 118 N. E. 353. Mandamus: the remedy is not a substitute for appeal or writ of error, 98 Am. St. 891. See also under (1) 36 Cyc 1135; (2) 26 Cyc 203, 40 Cyc 183.