## STATE EX REL. BENSON *v.* SUPERIOR COURT OF MARION CO. ET AL.

[No. 26,344. Filed October 18, 1933.]

*Don R. French, Robert L. Bailey* and *Elmer Q. Lock-year,* for relatrix. *Richard L. Ewbank, amicus curiae.*

*William S. McMaster,* for respondent.

HUGHES, J.—The relatrix, Mary O. Benson, has filed in this court a complaint for mandate. It appears from the pleadings that on March 2, 1933, she recovered a judgment in the sum of $50.00 and costs against the defendant, Homer J. Sandusky, in an action then pending before the Superior Court of Marion County, Indiana.

And thereafter on the fourteenth day of March, 1933, an execution was issued on said judgment to the sheriff of Marion County, Indiana, in whose bailiwick the defendant, Homer J. Sandusky, did then and does now

reside, and that said execution was by said sheriff duly served on said defendant and was returned wholly unsatisfied.

And thereafter on the thirteenth day of April, 1933, Mary O. Benson caused notice to be served on the defendant, Homer J. Sandusky, and on the Cleveland, Cincinnati, Chicago and St. Louis Railway, New York Central Railroad Company, Lessee, of her intention to petition the court for an execution in garnishment; that on said date the defendant, Homer J. Sandusky, was and still is employed by said company.

The relatrix, Mary O. Benson, filed in this court a verified petition alleging that the Superior Court of Marion County, Indiana, and the Hon. Clarence E. Weir, Judge of said court, has refused to consider a proper petition for an execution in garnishment against the salary, wages, earnings, or commissions due or to become due the defendant Homer J. Sandusky, and has refused to issue summons on said petition, to either said defendant or to the garnishee defendant, and has refused to permit a hearing on the merits of said petition and to hear evidence of the relatrix of the facts stated therein. The relatrix herein petitions this court to issue an order directing the defendants to appear and show cause for refusing to consider the affidavit of the relatrix for an execution in garnishment and for refusing to permit a hearing on the merits of the petition.

A writ of mandate was issued from this court to the respondent, Hon. Clarence E. Weir, Judge of the Superior Court of Marion County, Indiana, to show cause for his refusal for an execution in garnishment against the salary and wages due or to become due the defendant, Homer J. Sandusky, and for his refusal to permit summons to be issued and to permit a hearing on the merits of said petition or to hear the evidence of the relatrix.

The respondent, Hon. Clarence E. Weir, filed a demur-

rer to the petition alleging: (1) That the petition of relatrix does not state facts sufficient to state a cause of action; and (2) that the petition does not state facts sufficient for a mandate. In the memoranda to the demurrer the respondent alleges that the Garnishee Act of 1925, Acts 1925, page 204, sections 889-897, Burns R. S. 1926, is in contravention of the 14th Article of the Amendments to the Constitution of the United States for the reason that said act deprives persons of property without due process of law in that said act does not provide for notice or opportunity to a judgment defendant to be heard as to the taking of his property.

The respondent also filed an answer alleging in substance that he refused to consider the petition of the relatrix for an execution on the judgment held by the relatrix, against Homer J. Sandusky, in the hands of the railroad company and that he refused to order a summons to be issued on said petition, and he refused to permit a hearing on the merits of said petition or to hear evidence of relatrix in support thereof for the reason that the Garnishee Act of 1925 is void and unconstitutional.

The Garnishee Act of 1925 provides as follows: Section (1) "When a judgment has been recovered in any court of competent jurisdiction within the State of Indiana, and where any debts, earnings, salary, wages, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due or owing to him from any individual, firm, or corporation, municipal or otherwise, and where execution has been previously issued on said judgment and returned unsatisfied, the judgment creditor may file in the court in which said judgment was recovered, his affidavit stating such facts, naming therein the individual, firm, or corporation owing or indebted to such judgment debtor.

Upon satisfactory proof being made of the facts stated in such affidavit, the justice of the peace or court, or if such court be in vacation, the judge thereof, shall make an order directing that an execution issue against the debts, earnings, salary, wages, income from trust funds or profits described in such affidavit, stating therein the name of the individual, firm or corporation liable for the payment thereof to the judgment debtor notwithstanding any exemption law now in force."

And section (5) of said act provides as follows: "Whenever, under this act, a judgment has been rendered and a proper showing is made to the court, by affidavit filed by the judgment creditor, showing that any debts, earnings, salary, wages, income from trust funds or profits are due or to become due to said judgment debtor from any other individual, firm or corporation than the one named in the original affidavit, the justice of the peace, court or judge thereof shall cause execution to issue to said individual, firm or corporation, which execution shall show the names of the judgment creditor and debtor and the unpaid balance of such judgment. Such execution shall be a lien on ten per cent of any such debts, earnings, salary, wages, income from trust funds or profits and shall be paid into court in like manner as hereinbefore provided for, as in the case of the individual, firm or corporation named in the original affidavit."

In each of the foregoing sections when a proper affidavit has been filed by a judgment creditor and, upon satisfactory proof being made of the facts stated in such affidavit, it then becomes the duty of the court, or if in vacation, the judge thereof, to make an order directing that an execution issue against the earnings, salary, and wages described in said affidavit.

The respondent refused to comply with the provisions of the foregoing sections and others for the reason that

in his judgment the act in question is unconstitutional. The relatrix and the respondent have both briefed this case fully upon the constitutionality of the act. The respondent contending that it is unconstitutional and the relatrix that it is constitutional.

We do not feel that this court is called upon in this action to pass upon the constitutionality of the Garnishee Act of 1925. The only question in the case before us is whether or not it was the duty of the respondent to consider and hear the petition of the relatrix on its merits and to hear evidence in support thereof, all as provided for in said act. We are clearly of the opinion that it was his duty to do so and, after hearing said petition, if the judgment and finding was adverse to the relatrix, she would then have the right to appeal to this court for a final determination of her rights. If at that time the constitutionality of the Garnishee Act were properly presented, it could then be passed upon in an orderly way. We do not think that the respondent had the right to say to the relatrix that the court will not entertain her petition and will not hear evidence in support thereof because of the fact the court believed the act in question to be unconstitutional. We think the proper procedure was for the court to proceed as provided for in the act and then render a finding and judgment as it thought proper.

The writ of mandamus is a proper one to compel judicial action and to compel courts to act where they refuse to act and ought to act, but not to direct and control the judicial discretion to be exercised in the performance of the act to be done; to compel the court to hear and decide where they have jurisdiction, but not to predetermine the decision to be made; to require them to proceed to judgment, but not to fix and prescribe the judgment to be rendered. *Page* v. *Clopton* (1878), 30 Grat. 415 (71 Va.), 98 A. S.

R. 890, 18 R. C. L. 296; *State ex rel.* v. *Board of Com.* (1892), 131 Ind. 90, 30 N. E. 892.

The demurrer of the respondent is overruled and the answer held to be bad. The respondent is directed and ordered to hear the relatrix on the merits of her petition all as provided for in said act.

The clerk of this court is hereby directed and ordered to immediately certify a copy of this opinion or mandate to the Superior Court of Marion County, Indiana and to Hon. Clarence E. Weir, Judge of the Superior Court of Marion County, Indiana.