STATE EX REL. SWEET *v.* HANCOCK, JUDGE.

[No. 28,149. Filed January 7, 1946.]

*Richard Sweet,* pro se.

*Howard L. Hancock,* pro se.

GILKISON, J.—On November 26, 1945, the relator, Richard Sweet (pro se), filed in this court his verified original action for a writ of mandate, to compel the respondent as Judge of the Parke Circuit Court to hear and determine an application for a writ of error *coram nobis* filed in his court by relator on April 5, 1945.

In his response, among other things, the respondent shows that on September 17, 1945, he set said matter for hearing for November 15, 1945, and on September 21, 1945, he notified the relator that a hearing would be had on his said petition on November 15, 1945. That such notice was given by a letter addressed to the relator, and also by a letter addressed to the warden of the prison where relator is confined. The response also states that a notice of the date of the hearing was also given the Public Defender. The response further shows that a trial was had in said matter on the date set therefor, November 15, 1945, on verified petition of the relator and the counter affidavits filed by the State. The trial was had in the absence of the relator—his motion for his personal appearance having been denied on September 28, 1945—and apparently without either attorney or Public Defender representing the relator. Relator's application was denied by the court on said date.

It thus appears that the thing which relator seeks to have the respondent mandated to do was fully done and

performed on September 17, 1945, and the last act in the trial was consummated on November 15, 1945, sixteen days before the date of the filing of relator's petition in this court.

If relator feels aggrieved at the action taken by the respondent judge in his case, his remedy is by appeal to this court. See Rule Supreme and Appellate Courts 2-40; also *State ex rel. Emmert* v. *Gentry* (1945), *ante*, p. 535, 62 N. E. (2d) 860; *State ex rel. Cook* v. *Wickens, Special Judge* (1943), 222 Ind. 383, 53 N. E. (2d) 630. In an original action this court is without jurisdiction to review a judicial decision of a lower court. *State ex rel. Harkness* v. *Gleason* (1917), 187 Ind. 297, 300, 119 N. E. 9; *State ex rel. Farmers Loan & Trust Co.* v. *Wrigley, Judge* (1918), 187 Ind. 78, 81, 82, 118 N. E. 353, 354, and cases cited; *Gregg, Justice of the Peace* v. *State ex rel. Branch* (1898), 151 Ind. 241, 243, 244, 51 N. E. 359.

Plaintiff's petition is therefore denied.

NOTE.—Reported in 64 N. E. (2d) 294.