STATE EX REL. VONDERSCHMIDT *v.* GERDINK, SPECIAL JUDGE

[No. 28,145.   Filed January 24, 1946.]

*Harold Vonderschmidt,* pro se.

*John R. Jett,* and *Thomas P. Gallagher,* both of Terre Haute, for respondent.

O'MALLEY, J.—In June 1944, the relator was charged with and arrested for the commission of a criminal act in Vigo County, Indiana. On the same day he entered a plea of guilty and judgment was entered that he be

committed to the Indiana State Prison. From what is before us, we are able to determine neither the nature of the criminal act charged against the relator nor the extent of the sentence imposed upon him. He now petitions this court to issue a mandate against John W. Gerdink, Special Judge of the Vigo Circuit Court, commanding that the said special judge grant compulsory process and order that this relator be taken from the prison and delivered to the sheriff of Vigo County. It is the contention of the relator that it is the duty of this court to command the Special Judge of the Vigo Circuit Court to grant him the right to appear in person and conduct a suit now pending in that court wherein the relator is attempting to set aside the judgment of conviction.

We can mandate a circuit court only to compel the performance of some duty enjoined by law. § 3-2201, Burns' 1933. We can neither interfere with the discretion of a court nor order that it act and find in a given way. *State ex rel. Benson* v. *Superior Court* (1933), 205 Ind. 464, 187 N. E. 203.

The circuit court is not bound to enter an order for the return of the relator unless a proper showing is made which makes it imperative that he be returned. Such showing is addressed to the sound discretion of the court. The trial in the *coram nobis* proceeding may be on affidavits and with or without the presence of the relator. In this action he has failed to disclose the grounds upon which he based the request for an order commanding his return to Vigo County. He has likewise failed to set out the substance of his petition for the writ of error *coram nobis*.

The relator asserts that the action pending is a continuation of the criminal case. This court has held

that a *coram nobis* proceeding is not a continuation of the original action, but is an attack upon its validity. *State ex rel. Emmert* v. *Gentry* (1945), 223 Ind. 535, 62 N. E. (2d) 860.

Further, he complains of the denial of the right to file a motion for a new trial and to appeal. There never was a trial, there could be no trial on a plea of guilty, and we cannot see how the relator could be harmed by his inability to file such motion or to perfect an appeal, since he has plainly and openly stated that the entry of the judgment of conviction followed his plea of guilty to the crime charged.

If the relator has any reason for setting aside the judgment, it must be for some denial of a right prior to the entry of the judgment. Without doubt, upon a proper and sufficient showing, the relator would be returned for the trial, but this court cannot mandate the respondent to enter an order granting the relief sought. We could, on a proper showing, order the respondent to act in the matter, but we cannot dictate or control the fruit of that action. If the court erroneously refuses the request of the relator, such error can be corrected on appeal to this court.

Until it is shown that the judge refuses to perform some duty that is placed upon him by law, we cannot issue a writ of mandate against him.

The petition is therefore denied.

Note.—Reported in 64 N. E. (2d) 579.