STATE EX REL. BURTON ET AL. *v.* SIDNEY GELB, JUDGE OF THE SUPERIOR COURT OF KNOX COUNTY, INDIANA.

[No. 28,364. Filed October 23, 1947.]

. *Arturburn & Hart,* of Vincennes, for relators.

*Shake & Shake,* of Vincennes, for respondents.

GILKISON, J.—In an original action, relators in their individual capacity and as commissioners of The V. D. Singer et al., Drainage, Maintenance and Repair District, ask for a mandate against the respondent Judge, alleging in substance that a judgment was rendered in the court of which he is now judge on April 27, 1931, establishing the drainage, etc., district, and appointing commissioners. That the relators are assessed landowners of the district, and are the qualified and acting commissioners and that they have been repairing said drainage system. That they filed their report of receipts and expenditures, etc., with the Superior Court of Knox County on April 22, 1947, and asked that it be heard and approved.

That thereafter a landowner in the system filed a petition to intervene in the hearing for the purpose of

objecting to the jurisdiction of the court, claiming that chapter 264 Acts 1933 repealed the Acts of 1927 under which the judgment creating the drainage system was based. The petition to intervene was granted, objections and exceptions were filed, and after hearing thereon, the court found for the objector, that it was without jurisdiction to pass upon the report of commissioners aforesaid. That this finding and judgment left the matter in a chaotic condition, etc. A temporary writ was granted, commanding respondent to assume jurisdiction in cause No. 3040, In the Matter of the V. D. Singer et al., Drainage, Maintenance and Repair District in said court, and of the subject matter of the report filed by the commissioners filed therein, and rule on the merits thereon, and recognize the relators as commissioners of said drainage district, or appoint successor commissioners thereof, in conformity with the Acts of 1927, ch. 231, p. 667, immediately and without delay, or in default, etc.

For his response, respondent admits the facts as set forth above, except he says that, by final judgment, he disallowed the report of commissioners, and sustained the objections and exceptions thereto. This statement is substantiated by a certified copy of the record in the case filed with relators' petition as Exhibit "A".

There are many other averments in the petition and also many others in the response, respecting the merits of the case as tried in respondent's court, but the above, we think are sufficient to present the only question that can be presented to us in this original action.

The jurisdiction of this court in original actions for mandate is specifically granted by the General Assembly in § 3-2201, Burns' 1946 Replacement and so far as applicable to this action is as follows:

". . . Such writs of mandate may issue out of the Supreme Court to the . . . superior . . . courts of this state, . . . compelling the performance of any duty enjoined by law upon such . . . courts, . . . ."

It has been well stated and rather frequently repeated by this court that:

"The writ of mandamus is an extraordinary writ which can be issued only to compel the performance of clear legal duty. The duty to do an act must be absolute and imperative and not dependent on the exercise of discretion or upon judicial determination. *State, ex rel.* v. *Jackson* (1906), 168 Ind. 384, 386, 81 N. E. 62; *Paddock, Mayor,* v. *State, ex rel.* (1916), 185 Ind. 650, 114 N. E. 217. If the act is discretionary in its nature, or if the party charged with a duty is required to exercise judgment or to act judicially in determining whether the duty does or does not exist, the manner in which such a discretionary or judicial act is to be performed cannot be controlled by the writ. Ordinarily such a writ cannot serve as a means for reviewing a judicial decision nor to take the place of an appeal or a writ of error. *Gregg* v. *State ex rel.* (1898), 151 Ind. 241, 243, 51 N. E. 359; *State, ex rel.* v. *Board, etc.* (1892), 131 Ind. 90, 93, 30 N. E. 892."

*State, ex rel.* v. *Wrigley, Judge* (1918), 187 Ind. 78, 81, 82, 118 N. E. 353.

In the case before us, the relators filed their report of receipts and expenditures, and asked the court to hear and approve it. A landowner in the drainage system filed a petition to intervene which was granted, and the landowner filed objections and exceptions to the report. A hearing was had on the issues thus presented, resulting in a finding and judgment for the intervenor against the relators herein.

In this original action we cannot be concerned with the correctness or lack of correctness of the judgment

rendered. Judgments are reviewed and errors corrected only on appeal. We are concerned only with ascertaining whether the respondent has failed to perform a clear legal duty, that is absolute and imperative and not dependent on the exercise of discretion or upon judicial determination.

When the issue was joined in this case and a hearing thereon was had by the respondent court, it became its duty to make its finding and judgment. If it had failed or refused to do so, the performance of this duty could have been compelled by mandate. *State ex rel. Benson* v. *Superior Court* (1933), 205 Ind. 464, 468, 187 N. E. 203. But this court has no original jurisdiction by mandate to tell the respondent court in whose favor the judgment should be rendered. *State ex rel. Benson* v. *Superior Court, supra; State ex rel. Dayton, etc. Co.* v. *Board of Commissioners of Tippecanoe Co.* (1891), 131 Ind. 90, 93, 30 N. E. 892.

We have no supervisory authority by mandate to control either the discretion, or the judicial determination of the trial court. When it has decided the tendered issue, it has done all that this court, in an original action, could mandate it to do. *State ex rel.* v. *Wrigley, Judge, supra; Gregg, Justice of Peace* v. *State ex rel. Branch* (1898), 151 Ind. 241, 51 N. E. 359.

In hearing and passing upon the landowner's petition to intervene, and the sufficiency of the averments contained in his objections and exceptions, in hearing the evidence, in hearing the arguments of counsel for the parties thereon and considering these arguments, and in rendering a finding and judgment in the matter, the respondent court was acting judicially—not ministerially—and his duty in so acting is paramount. *Gregg, Justice, etc.* v. *State, ex. rel.*

*Branch, supra,* p. 243. We do not wish to intimate whether there is or is not error in the judgment rendered, but if there is, it cannot be revised or corrected by this original action. *State, ex rel.* v. *Wrigley, Judge, supra; State, ex rel.* v. *Gleason* (1918), 187 Ind. 297, 298, 299, 119 N. E. 9; *Young* v. *Wiley* (1915), 183 Ind. 449, 455, 107 N. E. 278; *Hart* v. *O'Rourke et al.* (1898), 151 Ind. 205, 207, 51 N. E. 330; *State, ex rel. Reynolds* v. *The Board of Commissioners of Tippecanoe Co.* (1874), 45 Ind. 501, 503, 504; *DeHaven et al.* v. *Covalt* (1882), 83 Ind. 344; *State, ex rel. Sweet* v. *Hancock, Judge* (1946), 223 Ind. 701, 703, 64 N. E. (2d) 294. Erroneous judgments may be revised or corrected only on appeal.

It is therefore considered and adjudged that the alternative writ of mandate issued herein be and the same is hereby dissolved, and a permanent writ is denied. It is further considered and adjudged that the costs of this action be taxed to the relators.

NOTE.—Reported in 75 N. E. (2d) 151.