STATE OF INDIANA ON RELATION OF BEATTY *v.* NICHOLS, SPECIAL JUDGE, ETC., AND RUSH CIRCUIT COURT.

[No. 29,182. Filed June 17, 1954.]

*Frank B. Jaqua*, of Portland, for relator.

*Chauncey W. Duncan*, of Rushville, and *Batton, Harker & Rauch*, of Marion, for respondents.

GILKISON, J.—This is an original action in which petitioner asks this court to mandate respondents to expunge their record of May 20, 1954, overruling relator's application to withdraw the submission in cause No. 2446 and rendering judgment against relator, in their court, and then to sustain the motion to withdraw the submission, and then to appoint a special judge to take jurisdiction of the cause, or show cause why this should not be done.

We issued an alternative writ.

The record shows that the cause noted above was duly heard by the respondent special judge and taken under advisement by him on January 27, 1954. On April 29, 1954, relator-defendant filed his petition asking that the submission of the cause be withdrawn agreeable with Rule 1-13 of the Supreme Court of Indiana.

On May 20, 1954, the motion of relator was overruled, and a finding and judgment against defendant was rendered by the respondent special judge.

It will be noted that relator has pursued his case to final judgment in respondent court. If this judgment had been in his favor, undoubtedly he would not have brought this action.

This court has limited original jurisdiction, Sec. 3-2201, Burns' 1946 Repl. We may compel a judicial act where the court should act but refuses to do so, compel certain courts to hear and decide cases where they have jurisdiction, and to require that they proceed to judgment. But we are without power by mandamus to direct or control judicial discretion in the performance of the act, or to predetermine the decision to be made, or to prescribe the judgment to be rendered. *State ex rel. Benson* v. *Superior Court of Marion County* (1933), 205 Ind. 464, 468, 187 N. E. 203; *State ex rel. Vonderschmidt* v. *Gerdink* (1946), 224 Ind. 42, 44, 64 N. E. 2d 579, and authorities there cited.

The various matters relator seeks to have determined have been determined by the respondent court. This court could review them fully on appeal. We are without power to review them in this mandamus proceeding. The writ of mandamus cannot be used as a substitute for appeal. *State ex rel. Burton* v. *Gelb* (1947), 225 Ind. 330, 334, 75 N. E. 2d 151.

It is ordered that the alternative writ of mandate heretofore issued herein, be and the same is hereby revoked, and a permanent writ is denied.

Emmert, J., not participating.

NOTE.—Reported in 120 N. E. 2d 407.