244 Ind. 112 (1963)
191 N.E.2d 1
STATE EX REL. FAIR SHARE ORGANIZATION, INC. ET. AL.
v.
NEWTON CIRCUIT COURT.
No. 30,403.
Supreme Court of Indiana.
Filed June 14, 1963.
Hilbert L. Bradley, of Gary, for relators.
John L. Podreskey, of East Chicago, Owen W. Crumpacker and George V. Burbach, both of Hammond, for respondent.
*113 JACKSON, J.
The relators filed in this Court their "Verified Petition for Writ of Mandate" on April 5, 1963, seeking an alternative writ of mandate to compel the respondent court "to enter special findings of fact and conclusions of law in compliance with Section 40-506 through 40-409 of the anti-injunction statutes, Burns' Indiana Statutes, Vol. 8, part 1, and/or in the alternative to require the court to set a bond for $10,000.00 to be posted by plaintiff in said cause entitled Philip Negdeman & Sons, Inc. v. Fair Share Organization, Inc., Roosevelt v. Haywood, William Robinson, Mack King, John Upshaw, Mack Flagg, and James Walker, the same being Cause No. 14859 in the said Newton Circuit Court..."
The record before us discloses that on August 11, 1962, Philip Nadgeman & Sons, Inc., filed its complaint in the Lake Circuit Court of Lake County, Indiana, against the Fair Share Organization, Inc., seeking an injunction. The complaint alleging in substance, that defendant corporation, its officers, agents, employees, members and associates had, inter alia, picketed unlawfully in front of and near the plaintiff's place of business for the purpose of compelling plaintiff to selectively hire Negro personnel on a proportional basis; carrying signs suggesting that the plaintiff discriminates against Negroes in its employment practices and other signs and placards tending to discredit plaintiff, all of which caused a loss of business to the plaintiff.
To this complaint relators on August 17, 1962, entered a general appearance and filed their answer in two legal paragraphs, the first by appropriate rhetorical paragraphs of no knowledge, admission and denial; the second being an affirmative answer and by appropriate rhetorical paragraphs challenged the right of the plaintiff to institute or maintain the action by *114 reason of the anti-injunction statutes (Acts 1933, ch. 12, §§ 4  14, p. 28, being §§ 40-504  40-514, Burns' 1952 Replacement), then denied the commission of any unlawful acts and finally claimed the acts sought to be enjoined were only the exercise of the rights of freedom of speech guaranteed by the State and Federal Constitutions.
On the same day, August 17, 1962, plaintiff requested and obtained a change of venue from the county, the parties struck and the cause was thereby venued to Newton County.
Thereafter, the cause was set for trial and then tried in the respondent court without the intervention of a jury, on November 21, December 5 and 6, 1962. After the introduction of all evidence and after both parties had rested, defendants (relators here) asked for and were granted time to December 17, 1962, to file a written motion for judgment in favor of the defendants. Thereafter, on December 17, 1962, defendants motion with supporting brief was filed, in substance asserting that there was no evidence to justify the relief sought, and on December 18, 1962, defendants below (relators here) submitted their proposed findings of facts and conclusions of law. On March 13, 1963, plaintiff below filed its proposed finding of facts and conclusions of law. On March 21, 1963, both parties having waived oral argument, the court entered its finding of facts and conclusions of law; thereupon, the court entered appropriate judgment in favor of plaintiff. The judgment in pertinent part is as follows:
"IT IS NOW ORDERED, ADJUDGED AND DECREED that the defendants, and each of them, and any and all persons acting by, through, or at the instance of said defendants, and all persons with knowledge of this decree, are separately and *115 severally permanently enjoined and restrained from:
"(a) Picketing, congregating in front of, or blockading the premises of the plaintiff firm at the southeast corner of Michigan Avenue & Fir Street in East Chicago, Indiana, commonly known as 3409 Michigan Avenue;
"(b) Soliciting, accosting, and/or protographing (sic) patrons of the plaintiff company store, and/or in any way attempting to influence or induce said patrons from entering the store; and
"(c) From displaying, exhibiting, posting or in other ways advertising, representing, or infering (sic) to the public by means of signs, cards, or other advertising devices that the plaintiff, Philip Nagdeman & Sons, Inc. is engaged in Communistic practices, discriminatory hiring policies, is unarmerican (sic), or that it either has or will attempt to destroy F.S.O., or any signs or slogans similar to the same.
"IT IS ORDERED, ADJUDGED, AND DECREED FURTHER that the plaintiff have and recover of and from the defendants, and each of them, the sum of $10,000.00 and that it recover its costs, taxed at $37.85.
"ALL OF WHICH IS ORDERED, ADJUDGED, AND DECREED by the Court this 21st day of March, 1963."
The case at bar presents a situation where a complaint was filed, general appearance entered by defendants (relators), followed by the filing of the answer; trial was had, witnesses sworn, evidence heard, then both parties submitted proposed findings of fact and conclusions of law thereon. The court made its findings of fact, stated its conclusions of law, and rendered judgment thereon in favor of plaintiff.
On the record here this Court has no jurisdiction to grant the relief sought in the case at bar.
This Court said in State ex rel. Burton v. Gelb (1947), 225 Ind. 330, 333, 334, 75 N.E.2d 151,

*116 "... A hearing was had on the issues thus presented, resulting in a finding and judgment for the intervenor against the relators herein.
"In this original action we cannot be concerned with the correctness or lack of correctness of the judgment rendered. Judgments are reviewed and errors corrected only on appeal. We are concerned only with ascertaining whether the respondent has failed to perform a clear legal duty, that is absolute and imperative and not dependent on the exercise of discretion or upon judicial determination.
"When the issue was joined in this case and a hearing thereon was had by the respondent court, it became its duty to make its finding and judgment. If it had failed or refused to do so, the performance of this duty could have been compelled by mandate." See also the following cases: State ex rel. Benson v. Superior Court (1933), 205 Ind. 464, 468, 187 N.E. 203; State ex rel. Dayton, etc. Co. et al. v. Board of Comm'rs. of Tippecanoe Co. (1892), 131 Ind. 90, 93, 30 N.E. 892; State ex rel. v. Wrigley, Judge (1918), 187 Ind. 78, 118 N.E. 353; Gregg, Justice of the Peace v. State ex rel. Branch (1898), 151 Ind. 241, 51 N.E. 359; State ex rel. Local Union No. 414 v. Allen C.C. (1960), 240 Ind. 518, 164 N.E.2d 648; State ex rel. Huebner v. Porter Cir. Ct. (1962), 243 Ind. 321, 185 N.E.2d 299; State ex rel. Cassel v. Johnston (1933), 204 Ind. 563, 185 N.E. 278; City of Auburn v. State ex rel. (1908), 170 Ind. 511, 83 N.E. 997, (rehearing denied 84 N.E. 990).
The relief sought is not available by way of original action at this stage of the proceedings, and the writ is therefore denied.
Myers, C.J., Achor, Arterburn and Landis, JJ., concur.
NOTE.  Reported in 191 N.E.2d 1.