STATE OF INDIANA EX REL. PHILLIPS *v.* THE OWEN CIRCUIT COURT, ETC.

[No. 30,988. Filed September 29, 1967.]

*Sylvan W. Tackitt,* of Bloomington, for the Relators.

*Thomas A. Hoadley,* of Bloomington, for the Respondents.

LEWIS, J.—The relators petitioned for an alternative writ of mandate directing the respondent judge to grant a change

of venue in Cause No. 13517 in the Owen Circuit Court and commanding all respondents to show cause why the alternative writ of mandate should not be made permanent.

The respondent judge filed his return setting forth that petitioners filed an affidavit for change of venue from the judge more than ten (10) days after the issues were first closed. The record sustains this factual position. Rule 1-12B (8), (1964), of the Indiana Supreme Court, reads as follows:

> "Provided, however, if the moving party first obtains knowledge of the cause for change of venue from the county or judge after the time above limited, he may file said application, which must be verified personally by the party himself, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten (10) days, and *the ruling of the court may be reviewed only for abuse of discretion.*" (emphasis ours)

An alternative writ of mandate does not lie to attempt to correct a Trial Court for abuse of discretion. *State ex rel. Beatty* v. *Nichols, Sp. J., etc.* (1954), 233 Ind. 432, 120 N. E. 2d 407.

An alternative writ of mandate should not be invoked for the purpose of asking review of those matters which may be reached on appeal. *State ex rel. Burton* v. *Gelb* (1947), 225 Ind. 330, 75 N. E. 2d 151; *State ex rel. Beatty* v. *Nichols, Sp. J., etc.,* supra.

Without reviewing the sufficiency of the affidavit for change of judge filed by the relators and without weighing the counter-affidavit to the affidavit for change of venue filed by Thomas A. Hoadley, suffice it to say, under the doctrine of the cases cited above the relators are not entitled to the relief prayed for. If the relators have been aggreived by the rulings of the respondent judge, they may prosecute their appeal.

The alternative writ of mandate heretofore issued is dissolved and a permanent writ denied.

Hunter, C. J., Arterburn and Mote, JJ., concur.

Jackson, J., not participating.

NOTE.—Reported in 229 N. E. 2d 805.