STATE EX REL. SINGER *v.* NIXON, JUDGE.

[No. 28,773. Filed April 5, 1951.]

*Hugo A. Singer, pro se.*

DRAPER, J.—On November 6, 1950, the relator, who is an inmate of the state prison, filed in the Pike Circuit Court his verified motion to vacate a judgment of

conviction[1] which was entered against him in that court on September 9, 1947. He also petitioned the court for leave to prosecute the same as a poor person, and for an order directing his return to Pike county at least one week before the hearing on his motion so that he could prepare his evidence and consult with counsel.

Leave to proceed as a poor person was granted, and his petition to be returned to Pike county was denied. Thereafter the State addressed a demurrer for want of facts to relator's motion to vacate judgment, and the demurrer was sustained. No further proceedings have been had in that case.

On December 1, 1950, the relator filed in this court his petition in which he asks us to issue an alternative writ of mandate commanding the Judge of the Pike Circuit Court to show cause why he should not grant the motion to vacate judgment, or issue an order returning the relator to Pike county and thereupon hear and determine the motion to vacate judgment.

This court has no authority to mandate the trial court to order the return of the relator to Pike county for the trial of his motion to vacate judgment. The trial court has ruled on relator's petition seeking his return. If in that ruling the court erred, such error can be corrected on appeal to this court. *State ex rel. Vonderschmidt* v. *Gerdink* (1946), 224 Ind. 42, 64 N. E. 2d 579.

Nor can we mandate the trial court to hear and determine the motion to vacate judgment on its merits.

---

[1] The motion is, in fact, a motion for writ of error coram nobis. It is here considered and treated as such. *State ex rel. McManamon* v. *Blackford Circuit Court* (1950), 229 Ind. 3, 95 N. E. 2d 556.

As above stated, the trial court has sustained the state's demurrer to the relator's motion.

Nothing is now pending before the trial court which calls for action on its part. The relator should dismiss, amend, or elect to abide by the ruling sustaining the demurrer, refuse to plead further and suffer a judgment to be rendered against him. In the latter event he can appeal to this court.

Writ denied.

Emmert, J., concurs in result.

NOTE.—Reported in 97 N. E. 2d 864.