270 P.2d 708

STATE ex rel. CARDENAS v. SWOPE.

No. 5747.

Supreme Court of New Mexico.

March 24, 1954.

Rehearing Denied June 8, 1954.

Joseph L. Smith, Lorenzo A. Chavez and Arturo G. Ortega, Albuquerque, for petitioner.

Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, for respondent.

McGHEE, Chief Justice.

The petitioner invokes the original jurisdiction of this court for the granting of a writ of mandamus compelling the respondent to set down for jury trial in Valencia county a workman's compensation case, the claim in such case having been filed in said county, and respondent having granted motion for defendants, the employer and insurer, that jury trial be had upon the cause in Bernalillo county.

By § 26–105, 1941 Comp., it is provided, as at common law, the writ of mandamus shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law. Thus our first concern is whether petitioner has such other remedy available. Section 57–916, 1941 Comp., provides, inter alia:

"Any final order made or judgment rendered by the court pursuant to the provisions of this act [Workmen's Compensation Act] (§§ 57–901—57–931) shall be reviewable by the Supreme Court of the state upon appeal or writ of error in the manner prescribed for other cases except that said cause shall be advanced on the calendar and disposed of as promptly as possible. * * * "

But, recognizing he could seek review of the order granting change of venue under this provision, petitioner asserts such remedy will result in great delay and expense if the writ be refused, the case tried to a jury in Bernalillo county, and the final judgment there entered reversed here upon appeal with direction for a new trial before a jury in Valencia county. On the other side, respondent argues petitioner cannot know whether he will be aggrieved by such final judgment entered, and that even if he should be so aggrieved, method of appeal is provided where review could be had, with provision the cause shall be advanced on the appellate calendar and disposed of promptly.

While we recognize there is much to be said for respondent's position, and it is supported by the older authorities, if the change of venue was in fact made without authority, we believe the weight of the argument for the use of the writ in this instance is heavily in favor of petitioner.

As was said in State ex rel. Security State Bank of Waldorf v. District Court, 1921, 150 Minn. 498, 185 N.W. 1019, 1020:

"It was early held that the aggrieved party could not appeal from an order

denying or granting a motion to change the place of trial, but that such order could be reviewed upon appeal from an order denying a motion for a new trial, or from the judgment. (Citing cases.) The inadequacy of such relief is apparent. The desirability of a speedy and final determination of the proper place of trial, before trial, was commented on in Delasca v. Grimes, 144 Minn. 67, 174 N.W. 523, where the cases are reviewed. A practice which does not permit a final determination of the proper place of trial, except on appeal, when, if there has been error in determining it, the whole trial, no matter if rightly conducted, goes for naught, is intolerable."

See, also, 35 Am.Jur. (Mandamus) § 271; 55 C.J.S., Mandamus, § 79; Hale v. Barker, 1927, 70 Utah 284, 259 P. 928; State ex rel. T. L. Smith Co. v. Superior Court, 1920, 170 Wis. 385, 175 N.W. 927; Head v. Waldrup, 1944, 197 Ga. 500, 29 S.E.2d 561.

We conclude if the nature of the act sought to be compelled lies within the provisions of § 26–104, 1941 Comp., the writ should lie. That section provides:

"It [writ of mandamus] may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it can not control judicial discretion."

In support of the granting of the writ of mandamus petitioner relies upon the provisions of § 57–915, 1941 Comp., as amended, Laws 1943, ch. 15, § 1, the pertinent portion of which reads:

"*Venue of claims—Filing and trial.* —In the event that an employer has filed in the office of the clerk of the district court the bond or other undertaking or certificate of court which, as provided, relieves him from the necessity of giving the same, *such claim may be filed in the office of the clerk of the district court of any county within the judicial district wherein the occupation or pursuit is carried on in which the workman is employed when injured, as the claimant may elect.* In the event the employer has not so filed such bond, undertaking, or certificate, such claim may be filed in the office of the clerk of the district court of any county in the judicial district where the injury occurred or where the claimant or such employer resides, as the claimant may elect. * * *." (Emphasis supplied.)

The section continues with provision if the claimant elects to file his claim outside the district in which he was injured, a general

appearance by all of the defendants in the action shall be considered and treated as a waiver of venue and confer upon the court full and complete jurisdiction in the matter, and concludes with a provision for the giving of notice of the filing of the claim.

In resistance of the writ, respondent relies upon the provisions of § 57–913, 1941 Comp., re-enacted and amended in part, Laws 1953, ch. 145, § 1. After setting forth provision for payment of compensation in installments, notice of injury and filing of claims under the act, the section continues:

"Upon the filing of such claims the clerk of such court shall docket the same, styling the workman filing same as plaintiff and the other parties named therein as defendants, and mail certified copy of such claim with a notice under his hand and official seal of the same having been so filed to the employer, insurance carrier, guarantor or surety named in such claim, who shall be allowed twenty (20) days thereafter to answer the same or to settle and adjust the claim thereby made by such workman. In event, prior to the expiration of such time last named, the defendants, or any of them, shall file in the office of such clerk, a written final settlement, adjustment or release signed by such plaintiff and defendants then and in such event a judgment shall under order of court be entered of record in accordance with such settlement, and carrying the same into effect and providing for the execution or executions to be issued thereunder for any future payments therein provided, which judgment shall be satisfied of record if, by such instrument or instruments, it is shown that full payments have already been made. At the expiration of such period of twenty (20) days, if no such instrument of release or satisfaction of such claim has been filed in his office, the clerk of said court shall immediately forward or deliver such claim to the judges of said court for hearing, together with any answer filed therein, unless one of the parties plaintiff or defendant thereto shall have demanded a jury trial of such cause in which event the same shall be tried at the first term thereafter of such court at which the same may be tried, and the hearing thereof expedited in every possible manner.

"The trial of such cause, either by jury or by the court, shall be conducted in a summary manner as far as possible. In event no such answer is filed in the office of such clerk within the time above allowed, or if any such answer so filed contains no denial or substantial defense to such claim, or to some material part thereof judgment shall immediately be rendered in favor of such claimant against such employer and also against any insurer, guarantor

or surety who is liable to such workman or to such employer for the payment thereof under the terms of the undertaking provided for in section 156–103 (§ 57–903), hereof. Any such insurer, guarantor, or surety shall be entitled to file an answer, setting up any defense to the claim of such workman or showing that he is not liable therefor for any reason, in the office of such clerk within twenty (20) days after the filing of such claim; *Provided, that before the rendition of any such judg· ment, any such employer, insurer, guarantor or. surety who has filed any answer to such claim as herein allowed, or such plaintiff, shall be allowed a hearing· upon request therefor within a short day upon such claim and answer, at a time and place to be fixed by order of the court, in the county where the injury occurred or upon agreement of ·the parties at some other place in the district,* informal notice of which shall be mailed to each of the parties thereto by such judge \* \* \*." (Emphasis supplied.)

At the outset of our determination it must be stated the provisions regarding venue in general civil actions have no application to venue in workmen's compensation cases. Rule 1, Rules of Civil Procedure; Guthrie v. Threlkeld Co., 1948, 52 N.M. 93, 192 P.2d 307. And, of course, nothing said herein shall have application to matters of venue in general civil matters.

In this case at the time of the accident the defendant employer had on file with the clerk of the district court of Bernalillo county a bond with Western Casualty & Surety Co., as insurer. It is petitioner's contention that as the bond was on file in one of the counties of the second judicial district, he might elect to bring his claim in any one of the counties comprising that district under the italicized provision of § 57–915, supra, and that once he had so elected and the venue was properly laid under such section, the court had no authority to change the venue and set the case down for jury trial in any other county and that such action was wholly without warrant under the provisions of the act.

The respondent argues that under the italicized provision of § 57–913, supra, he has general authority to designate a time and place for the hearing of such cause upon application by "employer, insurer, guarantor or surety". He concedes the venue was proper where originally laid, but asserts under § 57–913 the defendants are given the right, after answer, to apply for a change of ·venue when the claim is filed in a county other than where the injury occurred. It is also argued if this section is in conflict with the provisions of § 57–915, § 57–913 must prevail for it was originally passed in 1929 and has been re-enact-

ed twice since then, the last time being in 1953, while § 57–915 was originally passed in 1929 and was amended in 1943, many years before the effective date of the last enactment of § 57–913. It is unnecessary to consider this latter argument as in our opinion the two provisions do not conflict with one another.

■■ In making the argument the defendants in the compensation case have the right to have the venue changed to the county where the injury occurred after their answer to the claim of the petitioner, the respondent would have us consider the italicized portion of § 57–913 as if it stood alone, thereby ignoring the portions of the statute disclosing the proper circumstances under which such "hearing upon request" at a "time and place to be fixed by order of the court, in the county where the injury occurred or upon agreement of the parties at some other place in the district" shall be had. In our view this provision for such hearing must be read together with the sentence preceding it making provision for summary judgment against an employer or other defendant who has filed no answer to the claim within the time allowed, or whose answer contains no denial or substantial defense to such claim. For convenience we again set out the sentence referred to:

"* * * In event no such answer is filed in the office of such clerk within the time above allowed, or if any such answer so filed contains no denial or substantial defense to such claim, or to some material part thereof judgment shall immediately be rendered in favor of such claimant against such employer and also against any insurer, guarantor or surety who is liable to such workman or to such employer for the payment thereof * * *."

Immediately following this sentence it is provided: "Any *such* insurer, guarantor, or surety shall be entitled to file an answer" etc., and "before the rendition of any *such* judgment, any such employer, insurer," etc., shall be allowed a *"hearing"* thereon. (Emphasis supplied.)

It is readily apparent the sentence in question is, by the use of the descriptive term, *such,* made solely applicable to those instances where summary judgment is proposed, and that this is the correct meaning is also borne out by the fact provision is made for a *hearing,* not for a change of venue.

It is conceded by all, and clear under the statute, § 57–915, venue was properly laid in Valencia county where the claim was filed. There is no authority under § 57–913 to change the venue of the action, but simply a provision where summary judgment is proposed to be entered a defendant so requesting (or a plaintiff) shall be allowed a hearing at a time and place fixed by the court either in the county where the

injury occurred or at some other place in the district as agreed upon by the parties. No other section of our Workmen's Compensation Act is pointed to as affording any warrant under the circumstances of this case for the court to order a change of venue, and by the terms of § 57–915 the claimant is explicitly given the right to *elect* where the venue shall be laid. As we said in Peisker v. Chavez, 1942, 46 N.M. 159, 123 P.2d 726, 727:

> "The fact that the statutes provide that ' * * * actions shall be *brought* in the county,' etc., and fails to state that they shall be *tried* in such county is immaterial. It is the general rule that actions must be tried where brought unless the venue is changed.

> "There would be no reason to have statutes providing for the venue of suits if the district judge may try them outside the county in which they are brought, over the objection of a party."

We should not leave this case without taking notice of the practical issue before us. As pointed out by respondent, at the time of injury the petitioner resided and was employed in Bernalillo county; he never resided in Valencia county; his employer, Lopez Lumber Co., Inc., had its only place of business in Albuquerque, Bernalillo county, and the occupation in which petitioner was employed was carried on solely in Bernalillo county; all of the material witnesses in the case except the petitioner and possibly members of his immediate family reside in Bernalillo county and the petitioner now lives in California; and the attorneys for the parties reside and have their offices in Albuquerque.

It is obvious the petitioner wants to avail himself of what he hopes will be the very liberal award of a Valencia county jury made in his favor; while it is equally apparent the defendants in the compensation case wish trial before a Bernalillo county jury in the hope of a verdict in their favor, or at least one giving the claimant only a modest recovery. However, despite the tactical advantage the petitioner may feel he is gaining over his adversaries in the compensation case, we cannot substitute our judgment for that of the legislature, or fall into the error of trimming the statute to fit a condition which may exist in only one of the judicial districts of this state.

The legislature has said these claims must be given precedence on the trial court docket and here, §§ 57–913, 57–916, to the end an injured workman may receive prompt compensation for his injury. To force the claimant to try his case in Bernalillo county and then in the event he received less than he felt proper, or nothing at all, bring the case here would result in needless expense and delay, for as we construe the applicable statutes, a reversal would necessarily follow, with direction to

try the case in Valencia county. Such a course is not in accord with the speedy administration of the law, and it is out of just such situations the modern rule of granting the writ has grown.

It was the simple ministerial task of the respondent to set the case down for jury trial in Valencia county and writ of mandamus will be made permanent directing the performance of such act. It is so ordered.

SADLER, COMPTON, LUJAN, and SEYMOUR, JJ., concur.