292 P.2d 329

**STATE of New Mexico, ex rel. FOUR COR-NERS EXPLORATION COMPANY a co-partnership composed of Irving Rapaport and F. O. Manol, Appellants,**

v.

**E. S. WALKER, Commissioner of Public Lands of the State of New Mexico, Appellee.**

**No. 5975.**

Supreme Court of New Mexico.

Jan. 16, 1956.

Nordhaus & Moses, Albuquerque, for appellants.

Richard H. Robinson, Atty. Gen., William O. Jordan, Sp. Asst. Atty. Gen., for appellee.

LUJAN, Justice.

This is an appeal from a judgment of the district court of Santa Fe County quashing an alternative writ of mandamus theretofore issued. The proceeding involves the right of the petitioner to have the State Land Commissioner accept certain lode mining location notices tendered to him for filing in his office, and thereafter have him issue permits to said petitioner to prospect for ores or metals within the limits of said locations, pursuant to § 7–9–4 of the 1953 Compilation, which reads as follows:

"Subject to the provisions of this chapter, any person may make locations upon, and have the right to prospect lodes or deposits as hereinabove in this chapter described. Such locations shall be made in the manner prescribed by law applicable to the location of lode claims. A copy of any location notice made as aforesaid shall be filed in the state land office, for the filing of which a fee of one dollar ($1.00) shall be paid. Fees thus received shall be

credited to the state lands maintenance fund. Upon filing of such copy the commissioner shall issue a permit to the locator granting him the exclusive right to prospect for ores or metals within the limits of said location for a period of ninety (90) days from date of said location."

The petitioner will be hereafter referred to as the relator and the State Land Commissioner as the respondent.

The alternative writ of mandamus alleges:

"1. That on or about the 18th day of December, 1954, Relator made lode mining locations in accordance with Section 7–9–2, New Mexico Statutes Annotated, 1953 Compilation, upon certain public lands of the State of New Mexico situate in McKinley County, which said lands are more particularly described in Relator's Exhibits I to VII, inclusive, attached hereto and made a part hereof; that on or about the 10th day of January, 1955, Relator made a lode mining location in accordance with the said Statutes upon certain public lands of the State of New Mexico in said county, which said lands are more particularly described in Relator's Exhibit VIII attached hereto and made a part hereof; that on or about the 11th day of January, 1955, Relator made lode mining locations in accordance with the said Statutes upon certain public lands of the State of New Mexico situate in said county, which said lands are more particularly described in Relator's Exhibits IX to XII, inclusive, attached hereto and made a part hereof.

"2. That subsequently and on or about the 12th day of January, 1955, copies of said location notices were duly filed for record in the office of the County Clerk of McKinley County, New Mexico.

"3. That thereafter on the 17th day of January, 1955, duplicate originals of such location notices copies of which are marked Relator's Exhibits I to XII, inclusive, and attached hereto and incorporated herein by reference, were tendered to the respondent for filing, pursuant to Section 7–9–4, New Mexico Statutes Annotated, 1953 Compilation, together with the sum of $12.00 as filing fees. That Relator complied with the statutory requirements then in effect and with the pertinent rules and regulations made and adopted by Respondent in making said lode locations and in tendering copies of said location notices for filing in the office of Respondent; that nevertheless upon such tender Respondent refused to accept said location notices for filing and returned the same, together with the sum tendered as filing fees to Relator.

"4. That Relator has made discovery of uranium-bearing ores in rock in place on the lands described Exhibits I, II, IV and V attached hereto and has reason to believe that all of said claims contain deposits of uranium ore in rock in place; that all of the known occurrences of uranium-bearing ores in the Grants Mining District, in which District said lands are all located, are of ore in rock in place and are lode deposits as distinguished from placer deposits of such ores.

"5. That no valid mineral leases or prospecting permits were outstanding pertinent to the lands described in said location notices at the time Relator made said lode mining locations or at the time the copies of said location notices were tendered to Respondent for filing; that no prior valid lode mining locations had been made on said lands hereinabove mentioned, and that there are no conflicting lode claims to said lands; that Respondent had no discretion to do other than to accept and file the said location notices; that the law specifically enjoins Respondent to perform such act as a duty of his office; that nevertheless Respondent refused and continues to refuse to accept and file the said location notices.

"6. That on or about February 9th, 1955, Relator, having again tendered said location notices for filing, requested that prospecting permits be issued to Relator granting to locator the exclusive right to prospect within the limits of said locations in accordance with the provisions of Section 7–9–4, New Mexico Statutes Annotated, 1953 Compilation, and in accordance with the rules and regulations then in force and effect in the office of Respondent; that the law specifically enjoins Respondent to issue prospecting permits upon filing of such lode location notices in his office; that nevertheless Respondent has refused and continues to refuse to issue the said prospecting permits."

The respondent's answer alleged, among numerous other matters, that: "(a) Respondent is an executive officer of the State of New Mexico, exercising a discretionary function with respect to the matters set out in the alternative writ." The trial court quashed the alternative writ on the single ground, "That the commissioner is an executive officer exercising a discretionary function and, therefore, the court is without jurisdiction in the premises. and without authority to grant the requested relief."

The main contention of relator on this. appeal is, that the trial court erred holding, as a matter of law, that respondent was. exercising a discretionary function with respect to accepting his notices of location.

for filing in the land office. This contention is meritorious.

It is established law that the purpose of mandamus is to compel the performance of a ministerial duty which one charged with its performance has refused to perform.

While mandamus will not lie to correct or control the judgment or discretion of a public officer in matters committed to his care in the ordinary discharge of his duties, Hart v. Walker, 40 N.M. 1, 52 P.2d 123; State ex rel. McElroy v. Vesely, 40 N.M. 19, 52 P.2d 1090, it is nevertheless well established that mandamus will lie to compel the performance of mere ministerial acts or duties imposed by law upon a public officer to do a particular act or thing upon the existence of certain facts or conditions being shown, even though the officer be required to exercise judgment before acting, State v. Marron, 18 N.M. 426, 137 P. 845, 50 L.R.A.,N.S., 274; State ex rel. Evans v. Field, 27 N.M. 384, 201 P. 1059; State v. Field, 31 N.M. 120, 241 P. 1027; State ex rel. Walker v. Hinkle, 37 N.M. 444, 23 P.2d 286. A ministerial act, as applied to a public officer, is an act or thing which he is required to perform by direction of law upon a given state of facts being shown to exist, regardless of his own opinion as to the propriety or impropriety of doing the act in the particular case. It is said in 27 C.J.S., Discretion, p. 134, that:

"* * *. Discretion in performing an act arises when it may be performed in one of two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it should be performed, *but when a positive duty is enjoined and there is but one way in which it can be performed lawfully, then there is no discretion.*" (Emphasis ours.)

In accordance with the letter and spirit of Section 7–9–4 supra, the respondent is bound to perform his duty in respect to accepting lode mining location notice tendered to him by locators, who have complied with the terms of the statute, for filing in his office, even though he does not perform simultaneously his duty of issuing a permit to the locator granting him the exclusive right to prospect for ores or metals within the limits of said locations for a period of ninety days from the date of said locations.

In the case at bar the respondent was tendered copies of lode mining location notices by the relator which clearly and unequivocally met all requirements of the statute, and the accepting of the same for filing in the land office was mandatory and unqualified.

We conclude that the fact that an application for placer prospecting permits covering the same land had been made by one Andre Senutovitch, and that a permit

had been prepared in his name but not issued, and the further fact that a case was pending in this court involving an application filed in the respondent's office by one W. A. Greer, for a mining lease, and which application was denied by respondent, does not justify the respondent in refusing to perform his duty of accepting lode mining location notices tendered him by relator for filing in the land office, in view of the fact that all requirements of the statute governing locations upon state lands containing lode or deposit of metals or minerals in rock in place had been complied with by the relator.

The accepting of lode mining location notices for the purpose of filing same in the land office sought by relator will not interfere with the right of Senutovitch, applicant for placer prospecting permits, to bring such action as he may think proper to have all questions as to any right, title, interest or priority of claim, in the lode location claims made by relator. The refusal by respondent to accept for filing purposes the location notices tendered him by relator as provided by law, precludes the relator of his right to institute a contest proceeding as is provided by Section 7–8–68 of the 1953 Compilation.

Therefore, upon formal tender of lode mining location notices being made, it was the duty of the respondent to accept the same for filing purposes, for the statute simply imposes upon the respondent a ministerial duty in which he had no discretion.

As our conclusion is that the judgment of the trial court must be reversed, it becomes unnecessary to determine the remaining questions presented in this appeal.

The judgment is reversed with directions to the trial court to reinstate the case upon its docket and to proceed in accordance with the views herein expressed.

It is so ordered.

COMPTON, C. J., and SADLER, McGHEE and KIKER, JJ., concur.