Samuel M. Hold, J.
Plaintiff moves for a temporary injunction restraining his recommitment pending determination of this action. Defendants Rothschild cross-move for dismissal of the complaint for insufficiency and upon the further ground that they are not proper parties defendant. The remaining defendants cross-move for dismissal for legal insufficiency. The action is brought for a judgment declaring the plaintiff to be sane and competent at the present time, discharging him as of record from the institution to which he had been committed, restraining the defendants from recommitting the plaintiff and *869 for further judgment declaring that he was sane and competent at the time of his commitment and nullifying the commitment.
The complaint is generously sprinkled with alleged wrongs and trespasses committed by the defendants. Whatever may be the purpose of those allegations otherwise, they are not asserted as basis for any relief save as already indicated and particularly in relation to the fact that plaintiff had been committed. It is also to be noted that it is alleged in the complaint that by an order of the Supreme Court, Queens .County, dated September 18, 1957, plaintiff was declared to be competent and the committee of his estate was discharged. Thus it would appear that there is no need for further action or proceeding to secure a declaration of competency. That fact having been found, it is presumed to continue.
It is further alleged that at the time of incarceration plaintiff was sane and competent. It would therefore appear that by this action plaintiff seeks a review of the order of commitment. Apart from the fact, as it appears in the pleading, that plaintiff has been adjudged competent, if he felt aggrieved by the original commitment his remedy was by writ of habeas corpus. The order cannot be reviewed by this action. Nor may a plenary suit serve as basis for a direction to expunge the record. An appropriate proceeding should have been directed against the person or agency in custody thereof, or perhaps it should have been requested in the proceeding resulting in the order declaring the petitioner to be competent.
In view of the object of the action the only possible interest of the defendants Rothschild is limited to the injunctive relief against recommitment to which plaintiff claims to be entitled. Such relief cannot be granted against any of the parties. In the circumstances a decree in equity may not operate in futuro and would be wholly ineffective. Assuming all of the defendants are qualified persons to initiate any proceeding designed to cause the plaintiff’s commitment, they may not be ousted from such position and obligation to act in the light of the facts and circumstances existing at the time of action.
None of the relief sought is obtainable by the plaintiff in this action. Plaintiff’s motion is denied and the cross motions are granted.
Settle order.