358 P.2d 1001

In the Matter of Padget Ann HENRIQUEZ, an alleged insane person, Padget Ann Henriquez, Movant-Appellant,

v.

Thomas D. SCHALL, Hugh R. Horne, and Paul W. Robinson, District Attorney of the Second Judicial District of the State of New Mexico, Respondents-Appellees.

No. 6702.

Supreme Court of New Mexico.

Jan. 25, 1961.

J. D. Weir, J. R. Crouch, Las Cruces, for appellant.

Thomas D. Schall, Paul W. Robinson, Dist. Atty., Victor R. Ortega, Ass't Dist. Atty., Albuquerque, for appellees.

CHAVEZ, Justice.

Appellant, Padget Ann Henriquez, on December 10, 1956, filed a motion in the district court of Bernalillo County, New Mexico, to reopen and review certain incompetency proceedings had in said court in April 1955. Acting upon appellant's motion, an order of the district court was entered on December 26, 1956, reopening the proceedings for review. On January 25, 1957, the district attorney of the second judicial district for Bernalillo County, New Mexico, filed an answer to appellant's motion. On June 13, 1957, appellant filed notice of application for judgment by default as to Thomas D. Schall. On June 24, 1957, Thomas D. Schall filed his answer. On July 13, 1959, Thomas D. Schall filed motion to dismiss pursuant to Rule 21-1-1(41) (e), Rules of Civil Procedure for the District Courts of the State of New Mexico, and on the same date an order was entered dismissing appellant's petition to reopen. On July 17, 1959, appellant filed a motion to vacate the order of dismissal and requested a hearing on the merits. On October 12, 1959, the district court dismissed with prejudice appellant's petition to reopen, pursuant to Rule 21-1-1(41) (e), and for the further reason that no purpose could be served by reopening the matter as appellant, by court order, had been restored to competency. From this order of dismissal, appeal was taken to this court. Originally, upon an incompetency affidavit filed by Thomas D. Schall, a brother of appellant, said appellant, on June 16, 1955, was declared incompetent and a guardian of her person and estate was appointed by the district court. On February 13, 1956, by court order, appellant was declared competent.

Appellant relies on two points for reversal: (a) that appellant was never legally adjudged incompetent, and (b) that the trial court committed error in dismissing appellant's motion to reopen and review.

We will first consider point (b). Rule 21-1-1(41) (e) permits a party to move to dismiss with prejudice when the

plaintiff, or any defendant filing a cross-complaint, has failed to take any action to bring said action or proceeding to its final determination for two years after the filing of said action or proceeding, unless a written stipulation extending the time signed by both parties has been filed.

Appellant contends that Rule 21–1–1(41) (e) does not apply because the proceeding involved is a special statutory proceeding. She cites Rule 21–1–1(1). Rules of Civil Procedure for the District Courts of the State of New Mexico; Trujillo v. Trujillo, 52 N.M. 258, 197 P.2d 421; and Guthrie v. Threlkeld Co., 52 N.M. 93, 192 P.2d 307.

Appellant misconstrues Rule 21–1–1(1). This rule provides that:

> "These rules govern the procedure in the district courts of New Mexico in all suits of a civil nature * * * except in special statutory and summary proceedings where existing rules are inconsistent herewith."

There is no inconsistency between the terms of the statute and the particular rule invoked in this case. In Guthrie v. Threlkeld, supra, we held that the rule invoked, Rule 21–1–1(12) (b), was inconsistent with the express provisions of the Workmen's Compensation Act, and that [52 N.M. 93, 192 P.2d 309]:

> "* * * So far as pleadings are concerned, the Workmen's Compensa-tion Act is complete in itself and the provisions thereof have not been modified by our rules. * * *"

Trujillo v. Trujillo, supra, was an election contest case and we held that special statutory proceedings, where inconsistent, are not governed by the Rules of Civil Procedure for the District Courts. Appellant's cited cases are not applicable.

Rule 21–1–1(41) (e) has been repeatedly considered by this court. See Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298, where the New Mexico cases are collected. We have held that the provision of this rule for dismissal is mandatory, except insofar as the rule may be tolled because of inabliity, for causes beyond control, to bring the case to trial. Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790. Also, a district court may dismiss a cause under Rule 21–1–1(41) (e) and under its inherent power to dismiss a cause for failure to prosecute, independent of any statute, and unless there has been an abuse of discretion, a trial court's dismissal will not be disturbed on appeal. Pettine v. Rogers, 63 N.M. 457, 321 P.2d 638.

We do not know how to interpret Rule 21–1–1(41) (e) any plainer than to say that this provision, if not avoided, operates as a statute of limitations. Pettine v. Rogers, supra.

The ruling of the district court in dismissing appellant's motion was correct.

■ We now consider appellant's point (a). Under appellant's motion to dismiss the court was asked to reopen and review the competency proceedings and to nullify the apprehension, adjudication, commitment and confinement, and further to expunge the proceedings from the record.

Appellant was restored to competency by district court order on February 13, 1956. Appellant at all times after said date was no longer held by any process, judgment or court order. Neither was she confined. After said date no one exercised control over her person or her property. In this case no property right is involved as was the case in Blevins v. Cook, 66 N.M. 381, 348 P.2d 742. Thus the district court was asked to set aside an order which was no longer operative, i. e., to determine a moot question, and to render a judgment which could not have any practical effect upon any then existing controversy.

In Wise v. Wise, 55 N.M. 461, 235 P.2d 529, a wife instituted proceedings in New Mexico for divorce and custody of children after rendition of a California interlocutory decree granting a divorce and awarding custody to the husband except during the summer. The California decree became final after the trial court dismissed the wife's action and we held that the questions whether New Mexico had jurisdiction and whether California's interlocutory decree was a bar to wife's action, were moot.

Appellant also alleges in her motion that she was confined in a hospital in Colorado Springs, Colorado, until January 1956. If she felt aggrieved by her confinement, her relief was by writ of habeas corpus. No specific relief was asked in appellant's motion. The cases cited by appellant are cases which accomplished something, either by return of money, or the removal of a guardian, or a release from confinement. In Blevins v. Cook, supra, the specific relief asked was to set aside a deed executed by the guardian after decedent's adjudication as insane, and we held the deed void.

■ There is ample authority that courts will not determine abstract questions of law which do not rest upon existing facts or rights. Painter v. Painter, 206 Mo.App. 312, 228 S.W. 538; Rothschild v. Rothschild, 1959, 18 Misc.2d 868, 188 N.Y.S.2d 590; In re Pine's Estate, 16 Ill.App.2d 584, 149 N.E.2d 787. See cases cited Sixth Decennial Digest and West's General Digest, Actions, ⚬⚬6.

There is no error in the record. The judgment of the district court is affirmed.

It is so ordered.

MOISE and NOBLE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.