374 P.2d 119

Jose E. FLORES, Petitioner,

v.

Honorable Fred J. FEDERICI, Judge of the Eighth Judicial District of New Mexico, Respondent.

No. 7135.

Supreme Court of New Mexico.

Aug. 16, 1962.

Mitchell & Romero, Taos, for petitioner.

George T. Reynolds, Taos, for respondent.

Earl E. Hartley, Atty. Gen., Shirley C. Zabel, Asst. Atty. Gen., Santa Fe, amici curiae.

COMPTON, Chief Justice.

The question presented on appeal is whether petitioner, a justice of the peace,

charged with having violated the provisions of Section 36–20–2, N.M.S.A., 1953 Compilation, while in office, is entitled to the right of trial by jury. The section under which the petitioner was charged and the penalty statute, § 36–20–3, read:

Section 36–20–2.

"No justice of the peace or constable shall directly or indirectly, buy or be interested in buying any bond, note or other demand, evidence of indebtedness or cause of action, for the purpose of commencing any suit thereon before a justice of the peace, nor shall any justice of the peace or constable, either before or after suit, lend or advance or procure to be lent or advanced, any money or other valuable thing, to any person, in consideration of, or as a reward for, or inducement to, the placing or having placed in the hands of such justice of the peace or constable any debt, demand, chose in action or cause of action, whatever, for prosecution or collection in any court presided over or attended in his official *capacity, and no justice of the peace shall be interested in or operate a collecting agency, or collect, attempt to collect, or become interested in collecting any such claims or demands, or to receive any commission, percentage, fees or charges for any such collections made by himself or others, by or with-*

*out suit, and no justice of the peace shall institute or influence any other person to institute any suit in court presided over by him, to enforce collection of such demands or claims."* (Emphasis ours.)

Section 36–20–3.

"Every justice of the peace or constable violating any provision of the foregoing section shall be deemed guilty of a misdemeanor and on conviction thereof before the district court shall be punished by a fine of not less than twenty-five dollars ($25.00) and not more than one hundred dollars ($100.-00), or imprisonment for not less than thirty [30] days nor more than ninety [90] days, or by both fine and imprisonment, and by removal from, and forfeiture of right to, office."

The petitioner was charged by information in the district court, Taos County, with having unlawfully operated a collection agency and having received commissions on the collections of claims, debts and demands of others while he was serving as a justice of the peace. He entered a plea of not guilty to the charge; whereupon the respondent, over the objection of petitioner, set the case for trial before himself without a jury. Thereupon, petitioner applied for and we issued our writ commanding respondent to grant the petitioner a jury trial or show cause why he refuses to do so.

Respondent's return, essentially, is to the effect that petitioner is not entitled to the right of trial by jury.

We turn directly to a consideration of the question at hand. Article II, Section 12, of the New Mexico Constitution, provides that "the right to trial by jury as it has heretofore existed shall be secured to all and remain inviolate." Consequently, the test in disposing of the question presented is whether the right to a jury trial for the offense charged existed prior to the adoption of our Constitution in 1911.

The above statutes first appeared as Sections 17 and 18, Chapter 22, Laws 1889, and have remained substantially the same. By the latter section the prosecution can only be in the district court. Sections 1046, 1047 and 1048, Compiled Laws 1897, were also in existence at the time of adoption of the Constitution. It is apparent that these sections provide for trial by jury of all criminal offenses triable in the district court where the prosecution is either by indictment or information. Section 1046 says that "no person shall be held to answer for a criminal offense, unless on the presentment and indictment of a grand jury, except * * * in cases cognizable by justices of the peace, * * *." Section 1047 states "in prosecutions by indictment or information," the accused shall be entitled "to a speedy public trial by an impartial jury of the county or district * * *." Section 1048 provides "no person indicted for an offense shall be convicted thereof, unless * * * by the verdict of a jury accepted and recorded by the court." It was evidently intended by the constitutional convention to give full effect to these existing statutes.

In 1919, Section 17 was amended by adding the underscored provision dealing with collection agency activities by justices of the peace. It is here contended that since the amendment was subsequent to the effective date of the Constitution, the amendment resulted in a new and different statute and the right of trial by jury, present when charged under the prior statute, no longer exists. We disagree. The statute could well be called a "conflict of interest" statute. It was designed to suppress certain activities of justices of the peace as it relates to the conduct of their courts. The amendment is nothing more than a restatement of that principle. The receiving of commissions on collections, debts and demands of litigants before them while serving as justices of the peace, as alleged, would have been a violation of the statute in its original state and the right to a jury trial therefor is guaranteed to relator by Art. II, § 12, New Mexico Constitution.

The respondent relies heavily on our own cases, citing Guiterrez v. Gober, 43 N.M. 146, 87 P.2d 437; City of Tucumcari v. Briscoe, 58 N.M. 721, 275 P.2d 958; City of Albuquerque v. Arias, 64 N.M. 337, 328 P.

2d 593; Hamilton v. Walker, 65 N.M. 470, 340 P.2d 407. These cases are not in point. They deal with statutes and ordinances enacted subsequent to the effective date of the Constitution and concerning which no comparable offense existed the trial of which was to be by jury.

The respondent strongly asserts that mandamus is not proper since petitioner has an adequate remedy at law. Frankly, we do not agree. The petitioner has been denied a fundamental right which should not be left to any contingency. We think mandamus is the proper remedy. To hold otherwise could lead to palpable absurdity. State ex rel. Martinez v. Holloman, 25 N.M. 117, 177 P.2d 741; State ex rel. Cardenas v. Swope, 58 N.M. 296, 270 P.2d 708; Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988; Farmer v. Loofbourrow, 75 Idaho 88, 267 P.2d 113, 41 A.L.R.2d 774. See also Hammond v. District Court, 30 N.M. 130, 228 P. 758, 39 A.L.R. 1490; State ex rel. Lynch v. District Court, 41 N.M. 658, 73 P.2d 333, 113 A.L.R. 746; State ex rel. Miller v. Tackett, 68 N.M. 318, 361 P.2d 724. We take note, however, of the case of State ex rel. Gallegos v. District Court, 40 N.M. 331, 59 P.2d 893, where it was held that a jury trial in an equity proceeding was a matter of discretion for the trial court. The case is not in point; the facts are altogether different.

Other serious questions have been raised but the conclusion reached dispenses with their consideration.

The writ should be made permanent. IT IS SO ORDERED.

CARMODY, CHAVEZ, MOISE and NOBLE, JJ., concur.