387 P.2d 860

**Kenneth D. SENDER, Petitioner,**

**v.**

**Honorable Samuel Z. MONTOYA, Judge of Division I of the District Court of Santa Fe County, New Mexico, Respondent.**

**No. 7428.**

Supreme Court of New Mexico.

Dec. 23, 1963.

Catron & Catron, John S. Catron, Santa Fe, for petitioner.

Earl E. Hartley, Atty. Gen., Norman S. Thayer, Asst. Atty. Gen., Santa Fe, for respondent.

CARMODY, Justice.

Petitioner, by an original action in mandamus, seeks to compel respondent to dismiss a case under rule 41(e) (§ 21–1–1 (41) (e), N.M.S.A.1953).

The issues are narrowly confined to whether respondent erroneously refused to dismiss a proceeding for failure of the plaintiff to take any action to bring a case to its final determination more than two years after the filing thereof, and whether mandamus is appropriate if the trial court's refusal to dismiss was improper.

The case in the district court was a replevin action by the State Records Administrator to obtain possession of certain claimed historical documents. The complaint was filed on February 21, 1961, and the pleadings were settled by June 28, 1961, at which time the court ordered certain of the defendant's (petitioner here) defenses stricken. Thereafter, in September, 1962, the plaintiff filed a request for admissions of fact, and propounded certain interrogatories. Response to the request and answers to the interrogatories were filed in October, 1962. Nothing further appears in the record until April 30, 1963, when the defendant filed his motion to dismiss under rule 41(e). On May 23, 1963, the plaintiff filed a written motion requesting a pretrial conference and that the case be set for trial, but such action, following defendant's motion, was not timely. The respondent, after hearing on the motion to dismiss, made findings of fact as to the specific dates when the various pleadings and orders were filed, together with a finding that no written stipulation had been made or filed. As a part of this same order, the court concluded as follows:

"On the foregoing findings of fact, the Court concludes as matters of law that plaintiff's request for admissions of fact by defendant filed herein on September 18, 1962, constituted action by plaintiff to bring this cause to its final determination within the meaning of Rule 41(e), and that defendant's motion to dismiss under said Rule should therefore be denied."

Little would be gained in reviewing our various decisions construing rule 41 (e). Suffice it to say that dismissal is mandatory after the passage of two years from the filing of the action, unless the

time is tolled by certain well-defined exceptions. Ringle Development Corporation v. Chavez, 1947, 51 N.M. 156, 180 P.2d 790; Featherstone v. Hanson, 1959, 65 N.M. 398, 338 P.2d 298; Henriquez v. Schall, 1961, 68 N.M. 86, 358 P.2d 1001; Western Timber Products Co. v. W. S. Ranch Company, 1961, 69 N.M. 108, 364 P.2d 361. None of the exceptions are applicable to the facts here, unless the request for admissions of fact amounts to a showing of diligence to bring the action to trial. It is noted, however, that our decisions in Featherstone v. Hanson, supra, and Western Timber Products Co. v. W. S. Ranch Company, supra, imply that the taking of discovery procedures does not toll the running of the rule, and, in addition, very recently we have specifically held this to be true. In Morris v. Fitzgerald, 1963, 73 N.M. 56, 385 P.2d 574, we said:

"Beyond what has been considered above, the record discloses nothing that was done to bring the case to its conclusion except to take a number of depositions. Does this serve to toll the statute?

"It was the duty of plaintiff to take some action to bring the case to its final determination within two years of its filing. We do not consider the taking of depositions as being action to accomplish this end so as to toll the statute. All discovery procedures are available to be used or not, as a litigant sees fit, and none are required prerequisites to trial. Accordingly, in our view, they are not 'actions' to bring a proceeding to its final determination so as to toll the statute. * * *"

We are of the opinion that the request for admissions of fact is one of the discovery procedures contemplated in the above quotation. This is so, even though 2A Barron & Holtzoff, Federal Practice & Procedure, § 831, states that "Strictly speaking Rule 36 is not a discovery procedure at all, * * *." However, this same authority (§ 641) includes rule 36 as a part of the "discovery mechanism" and cites no less authority than the Supreme Court of the United States in the case of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. It is also worthy of note that the Federal Rules of Civil Procedure are subdivided under ten separate headings, identified by Roman numerals and generally describing the type of the rules thereunder. When this court adopted the Federal Rules, with minor changes, we also adopted the same subdivisions. Subdivision V, "Depositions and Discovery," includes rules 26 to 37, both inclusive. Thus, inasmuch as rule 36, dealing with requests for admissions of fact, is classified as a part of the discovery process, we know of no reason why it should be considered otherwise. It is im-

plicit in Robinson v. Navajo Freight Lines, Inc., 1962, 70 N.M. 215, 372 P.2d 801, that requests for admissions are regarded as similar to depositions and interrogatories. It follows, therefore, that the motion to dismiss under rule 41(e) should have been sustained.

Having so concluded, it must be determined whether mandamus is a proper remedy to require the respondent to dismiss the proceeding below. In the final analysis, the point for decision is whether we should grant mandamus because of the absolute nature of the right to dismissal granted to petitioner under our decisions in Ringle Development Co. v. Chavez and other cases cited supra. In other words, does it appear that the respondent failed to perform a clear, absolute and imperative legal duty which was not dependent upon the exercise of judicial discretion.

The two sections of the statute relating to mandamus (N.M.S.A.1953) here material are: Section 22–12–4, which provides:

"22–12–4. It may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control judicial discretion."

and § 22–12–5, which, so far as pertinent, reads:

"22–12–5. The writ shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law. * * *"

As to § 22–12–4, the problem is really answered by what we have said. Respondent should have sustained the motion. There was really no question involving judicial discretion. See Morris v. Fitzgerald, supra; Andersen v. Superior Court, 1921, 187 Cal. 95, 200 P. 963, where it was said:

"But where the express mandatory conditions for a dismissal are clearly established, and without contradiction, the court was without discretion in the matter."

See also J. C. Penney Co. v. Superior Court of Fresno County, 1959, 52 Cal.2d 666, 343 P.2d 919; State v. Superior Court for Pierce County, 1940, 3 Wash.2d 702, 102 P.2d 246; State v. District Court of Ninth Judicial District, 1930, 42 Wyo. 214, 292 P. 897, 71 A.L.R. 993; and First Nat. Bank v. Cheney, 1898, 120 Ala. 117, 23 So. 733.

Dismissal was mandatory under our decisions. Respondent attempts to distinguish the California cases because of the difference between the California statute and our rule, but in so doing overlooks what we said in Featherstone v. Hanson, supra:

" * * * The basic difference, however, between the California statute and our rule is the difference in time limit, for otherwise both statutes have been construed to be mandatory."

Petitioner, of course, has a right of appeal, but it is obvious that he would have to await the completion of the trial on the merits. Whether such a right is speedy and adequate so as to prevent irreparable mischief, great hardship, costly delays and unusual burdens of expense is the immediate problem. In our opinion, in this particular case the remedy by appeal is not adequate.

The issue in the trial court involves the ownership and right to possession of over three hundred separate documents, many of which are several pages in length and practically all of which are in longhand in the Spanish language. For these documents to be transcribed, and perhaps translated, would of itself involve great cost and considerable delay in the preparation of a transcript, even if the ordinary delays attendant to a somewhat involved trial could be minimized. It would be many months, if not years, before the case could be decided by us. However, this of itself would not justify the extraordinary relief sought. Neither does the fact that the petitioner does not have the benefit of a replevin bond move us to grant the writ, although this is a circumstance which must be considered in connection with the delays of a trial and subsequent appeal. It is more the combination of all the various facets of the litigation which makes it apparent that to refuse the writ "would result in needless expense and delay" (State ex rel. Cardenas v. Swope, 1954, 58 N.M. 296, 270 P.2d 708), when the final result cannot be otherwise than favorable to petitioner. We said in Flores v. Federici, 1962, 70 N.M. 358, 374 P.2d 119, that mandamus is a proper remedy to require the district judge to grant a trial by jury because "[t]o hold otherwise could lead to palpable absurdity." Both the Swope and Federici cases are direct authority for the issuance of our mandatory writ when a refusal to do so would have required a reversal on appeal after trial. We there intervened to prevent the doing of useless things. See also State ex rel. De Moss v. District Court of the Sixth Judicial Dist., 1951, 55 N.M. 135, 227 P.2d 937, which achieved a similar result by writ of prohibition. In California, mandamus is frequently granted in cases such as that before us. See, for example, Andersen v. Superior Court, supra.

We do note Kiddy v. Board of County Com'rs of Eddy County, 1953, 57 N.M. 145, 255 P.2d 678, which it is claimed requires a quashing of the writ. That case involved the refusal of the county commissioners to call a bond issue election because the petition seeking such election was invalid. We affirmed a denial of a peremptory writ of

mandamus, holding that the writ will not lie to require the county commissioners to call an election when the petition does not conform with the law. However, in the opinion in the case we also said that if the petition had been valid, mandamus would be proper, and suggested that mandamus might not be improper if the county commissioners had proceeded to call the election based on the invalid petition. Thus, Kiddy implies that mandamus will issue to control the actions of an officer if he acts contrary to law, but the writ will be denied when the officer decides in accord therewith. Other language in the opinion, to the effect that mandamus is inappropriate where interpretation and judgment are necessary, must be considered in context, not as an inflexible rule. Were it otherwise, mandamus would practically never issue, because it can almost always be shown that some form of judicial determination must be exercised upon which the refusal to act is based. The border line between judicial discretion and ministerial duty is not clearcut. It is frequently a matter of degree—a shading from black to white or a grey area which can only be determined in each particular case. So it was in State ex. rel. Four Corners Exploration Co. v. Walker, 1956, 60 N.M. 459, 292 P.2d 329, when the commissioner of public lands refused to accept location notices of mining claims because of possible conflicts, that we reversed the quashing of an alternative writ, saying:

"While mandamus will not lie to correct or control the judgment or discretion of a public officer in matters committed to his care in the ordinary discharge of his duties, (citations) it is nevertheless well establshed that mandamus will lie to compel the performance of mere ministerial acts or duties imposed by law upon a public officer to do a particular act or thing upon the existence of certain facts or conditions being shown, even though the officer be required to exercise judgment before acting (citations). A ministerial act, as applied to a public officer, is an act or thing which he is required to perform by direction of law upon a given state of facts being shown to exist, regardless of his own opinion as to the propriety or impropriety of doing the act in the particular case."

Thus in the instant case, even though respondent had to exercise his judgment, the facts before him required the performance of the duty imposed by law, i. e., to grant the motion to dismiss.

We have carefully considered the authorities relied on by respondent and those cited in our brother's dissent, but do not find them persuasive. Therefore, the peremptory writ of mandamus will issue. It is so ordered.

COMPTON, C. J., and CHAVEZ and MOISE, JJ., concur.

NOBLE, J., dissenting.

NOBLE, Justice (dissenting).

I am unable to agree that mandamus is an appropriate or proper remedy to compel the trial court to vacate its order denying the motion to dismiss under Rule 41(e) and directing it to enter an order of dismissal.

It is clear that such a writ cannot be invoked as a substitute for appeal, nor will it lie if the act to be performed is discretionary in its nature or if it requires the exercise of judicial judgment in determining whether the duty does or does not exst. Sec. 22–12–4, N.M.S.A.1953, quoted by the majority, limits the use of mandamus. My conception of the scope of the term "judicial discretion," as used in the statute, differs from that of the majority. In my view, the majority opinion results in control of the discretion vested in the trial court.

The motion in this case sought dismissal for failure to prosecute the action within two years after its filing. Response to the motion recited the actions reflected by the court files and called for the exercise of judicial judgment as to whether any of those actions, including plaintiff's request for admissions, constituted such action by plaintiff to bring the cause to its final determination as to satisfy the requirements of and prevent mandatory dismissal under Rule 41(e). The performance of that duty by the trial court could have been compelled by mandate if the court had refused to decide the question. But this court has no original jurisdiction to direct the respondent court to decide an issue, not theretofore specifically decided by this court, in a particular manner. New York Life & Fire Ins. Co. v. Wilson, 8 Pet. 291, 33 U.S. 291, 8 L.Ed. 949; State ex rel. Dayton Gravel Road Co. v. Board of Com'rs., 131 Ind. 90, 30 N.E. 892; State ex rel. Benson v. Superior Court of Marion County, 205 Ind. 464, 187 N.E. 203; State v. Phelps, 67 Ariz. 215, 193 P.2d 921. Mandamus was said in People v. Dusher, 411 Ill. 535, 104 N.E.2d 775, 779, not to lie to direct or modify the exercise of judicial discretion where the judge must answer the inquiry: " '*What is the law* and has it been violated or obeyed?' " (Emphasis added.)

While the majority appear to limit the definition of the term "judicial discretion" to that power of a court to choose between two alternative courses of action, Kiddy v. Board of County Commissioners of Eddy County, 57 N.M. 145, 255 P.2d 678, clearly included within the meaning of the term not only the power of choice between two alternatives but, also, the exercise of judicial judgment. This is apparent when it was there said:

"Mandamus traditionally lies to direct performance of nondiscretionary tasks and by statute the remedy may be extended to discretionary tasks, but ordinarily only to the *doing* of them

and not to the manner in which the discretionary task shall be performed. * * * [A] nondiscretionary or ministerial duty exists when the officer is entrusted with the performance of an absolute and imperative duty, the discharge of which requires neither the exercise of official discretion nor judgment. * * *"

In denying the writ sought in Kiddy to compel the board of county commissioners to call a bond election, it was pointed out that mandamus would have been proper if the election petition had "clearly and unequivocally met all the requirements of the statutes and Constitution of New Mexico, * * *" so that the duty would be mandatory, unqualified and ministerial, but that the writ will not lie when the situation is one in which interpretation and judgment are necessary. In so holding, we said:

"* * * There was a judicial question as to whether the board had been presented with a petition which called for a single or a dual proposition, *since the precise issue raised had not been previously settled by the courts of this state.*" (Emphasis added.)

Thus, this court adopted the rule that when facts exist which require the officer to make a judicial determination as to a matter of law, mandamus is not proper. See Ross v. State Racing Commission, 64 N.M. 478, 330 P.2d 701, reaffirming the definition of discretionary duties and the distinction between ministerial and judicial acts set forth in Kiddy. See also In re Press Printers & Publishers, Inc. v. Murphy (3rd Cir. 1926) 12 F.2d 660.

The rule of Kiddy, as applied to an inferior court, was well stated by the Supreme Court of Indiana in State v. Gelb, 225 Ind. 330, 75 N.E.2d 151, where it was said:

" 'The writ of mandamus is an extraordinary writ which can be issued only to compel the performance of clear legal duty. The duty to do an act must be absolute and imperative, and not dependent on the exercise of discretion or upon judicial determination. [Citing cases] If the act is discretionary in its nature, or if the party charged with a duty is required to exercise judgment or to act judicially in determining whether the duty does or does not exist, the manner in which such a discretionary or judicial act is to be performed cannot be controlled by the writ. Ordinarily such a writ cannot serve as a means for reviewing a judicial decision nor to take the place of an appeal or a writ of error. [Citing cases]' "

As I have pointed out, in the instant case the trial court was required to determine whether certain actions by plaintiff, as reflected by the court files, among which was a request for admissions of fact, were sufficient to satisfy the requirements of Rule 41(e). That question "had not theretofore

been previously settled by the courts of this state." It was, therefore; necessary for the lower court to exercise judicial judgment in determining whether that act satisfied the rule and prevented mandatory dismissal under it. It is not material whether this court agrees with the result reached by the lower court in its exercise of judicial judgment. That is a question to be determined on appeal, not in mandamus in review of the correctness of the trial court's ruling.

In relating the legal doctrine to the instant case, it is important to note the nature and requirements of Rule 41(e) as interpreted by the decisions of this court. The majority, in stating that "dismissal is mandatory after the passage of two years from the filing of the action, *unless the time is tolled by certain well-defined exceptions*," (emphasis added) overlook the dual nature of 41(e). By decision, this court has held that the running of the period of the rule is tolled by certain circumstances as outlined in Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790, and adopted in Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298; Henriquez v. Schall, 68 N.M. 86, 358 P.2d 1001; Western Timber Products Co. v. W. S. Ranch Co., 69 N.M. 108, 364 P.2d 361, but, also, the rule may be completely satisfied so as to be no longer applicable. Thus, once the plaintiff has taken "any action to bring such action or proceeding to its final determination," within the two-year period, he has satisfied the terms of the rule and is free from its requirements.

Each of our decisions prior to Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574, involved only questions of what circumstances tolled the running of the period prescribed by the rule. It was not until Morris, decided after the decision of the trial court in this case, that this court held discovery procedures are not actions to bring a proceeding to its final determination. The majority go to some length to hold, notwithstanding the statements of some authorities to the contrary, Seventh Annual Report of the Judicial Council of the State of New York 309; 56 Northwestern U.L.Rev. 679, that a request for admissions is a discovery procedure and does not satisfy Rule 41(e). Cf. Robinson v. Navajo Freight Lines, Inc., 70 N.M. 215, 372 P.2d 801. Assuming arguendo that a request for admissions is a discovery procedure, nevertheless, the authorities are not uniform on the question and this court had certainly not held it to be such procedure when the trial court was called upon to decide that legal question. It cannot be said that the legal question had so clearly been previously determined by this court, that following our prior decisions was only a ministerial act. Clearly, this court in Morris was called upon to decide, by the exercise of this court's judicial judgment, the legal proposition that discovery procedures do not satisfy the rule. It is equally apparent that it was only by

the majority opinion in this case that request for admissions was held to be a discovery procedure. If determination of those questions called for exercise of judicial judgment by this court, the determination of the legal issue by the trial court was likewise an exercise of its judicial judgment, and may not be controlled by mandate in an original proceeding here.

I am unable to agree with the appraisal of Kiddy by the majority that mandamus will issue to review and correct an erroneous decision by a lower court but will be denied if this court should on review agree with the lower court's judgment. I find no basis for such a construction of Kiddy.

State ex rel. Cardenas v. Swope, 58 N.M. 296, 270 P.2d 708, held there was no provision of the statute which could be construed as authorizing an ex parte change of venue in a workmen's compensation case, and that the trial court's task of setting the case for trial in the county where the case was pending was only a ministerial task requiring no exercise of judicial judgment.

It is true that the trial court's exercise of judicial judgment was reviewed, corrected and directed in Flores v. Federici, 70 N.M. 358, 374 P.2d 119, but there mandamus was only attacked because it was asserted that petitioner had an adequate remedy by appeal. This court, however, determined that refusal to grant petitioner a jury trial in the criminal case in which he was charged denied him a fundamental right which should not be left to any contingency. Mandamus was held proper to protect and correct such fundamental error. That case is not authority upon which to base mandamus as a proper remedy to review and correct an error of judicial judgment in a civil action.

State ex. rel. DeMoss v. District Court of the Sixth Judicial District, 55 N.M. 135, 227 P.2d 937, relied upon by the majority to prevent the doing of a useless thing, is clearly not relevant. There, prohibition was issued in the exercise of our superintending control. In this case, I think prohibition might be appropriate in the exercise of our superintending control if it clearly appeared that permitting the case to be tried would result in great expense and hardship, and the result on an appeal would be clear. As pointed out, however, superintending control may not be exercised by writ of mandamus.

I am unable to agree with the appraisal of the California decisions by the majority. As I view them, they are almost entirely based upon Anderson v. Superior Court, 187 Cal. 95, 200 P. 963, and proceed upon the basis that where the express mandatory conditions for dismissal are clearly established without contradiction, the court is without discretion and does not exercise judicial judgment, and mandamus is, therefore, appropriate. Furthermore, California has no statute prohibiting mandamus to control judicial judgment.

Under our statute, we may not exercise supervisory control to review and correct a decision of a lower court where the question was the legal interpretation or construction of a rule or statute, as was done by the Supreme Court of Illinois in People v. Sandusky, 21 Ill.2d 296, 171 N.E.2d 640. The interpretation or construction of a rule or statute requires the exercise of judicial judgment and may not be controlled by mandamus.

I am compelled to dissent from the majority.