457 P.2d 708

**STATE of New Mexico ex rel. James A. MALONEY, Attorney General,**
**Petitioner,**

v.

**Honorable Caswell NEAL, Judge, Fifth Judicial District, and Frances M. Wilcox, Clerk of the District Court, Respondents.**

**No. 8887.**

Supreme Court of New Mexico.

Aug. 4, 1969.

James A. Maloney, Atty. Gen., J. F. Bingaman, Justin Reid, Asst. Attys. Gen., Santa Fe, for petitioner.

Patrick F. Hanagan, Dist. Atty., Roswell, Michael F. McCormick, Asst. Dist. Atty., Carlsbad, William C. Fleming, Asst. Dist. Atty., Hobbs, for respondents

## OPINION

TACKETT, Justice.

This is an original proceeding in mandamus brought by the Attorney General against the Honorable Caswell Neal, Judge of the Fifth Judicial District of New Mexico, to require Judge Neal to impanel a jury in conformity with Ch. 222, Laws 1969, which by its terms became effective July 1, 1969 (§ 19–1–3, N.M.S.A., 1953 Comp.).

Judge Neal advised the Attorney General that he intended to utilize the jury panel qualified for the March 1969 term of court and that he would continue drawing jurors under the law as it existed prior to July 1, 1969, until the next general election in 1970.

The question presented is whether a district court must impanel new jurors to dispose of jury cases after July 1, 1969. We answer in the affirmative.

The court will consider only petitioner's point II, which is:

"THE NEW JURY SELECTION LAW SHOULD BE GIVEN IMMEDIATE EFFECT WITHOUT REGARD TO THE 90–DAY CLAUSE, WHICH IS MERELY DIRECTORY."

Chapter 222, § 3, Laws 1969, reads:

"19–1–3. POLL BOOKS — SOURCE FOR JUROR SELECTION. — Each county clerk shall preserve and make available to the district courts, until no longer needed for this purpose, the poll books from the general election last held in the county. The clerk of the district court for each county within ninety days following the general election, shall select from the names of voters enrolled on the poll books of every voting division in the county, the persons to serve as potential jurors for grand jury and petit jury service during the following two years. *The method of selection shall be at random* and in a manner to provide that no discrimination is exercised except for the elimination of persons who are not eligible for jury service. The selection will be made by the jury commission with the assistance of the clerk when a jury commission is appointed by the district judge. The district judge shall designate the number of potential jurors to be selected. The number shall be at least equal to five percent of the number of voters' names contained in the poll books of the last general election but no less than one hundred fifty." (Emphasis added).

**462**

It is this court's considered opinion that the 90-day clause of the new law was not intended by the legislature to govern the date on which the new procedure would be put into effect, but is simply a directory instruction as to future practices under the new law. State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966); 31 Am.Jur. Jury, § 78 at 74. See also, State v. Leatherwood, 26 N.M. 506, 194 P. 600 (1920). The statute being in effect, and it being impossible to comply with the 90–day provision at this time, such requirement must be disregarded, and the remaining provisions followed.

In Allen v. McClellan, 75 N.M. 400, 405 P.2d 405 (1965), we said:

"* * *. Particular words, phrases and provisions must be construed with reference to the leading idea or purpose derived from the whole statute. Thus, each part should be construed in connection with every other part so as to produce a harmonious whole. * * *"

See Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965), in which we held the established rule of construction of a statute is that, if possible, it will be construed to give effect to all of its provisions so that one part will not destroy another. See also, State v. Southern Pac. Co., 34 N.M. 306, 281 P. 29 (1929).

Mandamus lies to compel a judicial officer or court to perform an act or duty which is ministerial and does not include the exercise of discretion. State ex rel. Cardenas v. Swope, 58 N.M. 296, 270 P.2d 708 (1954); 55 C.J.S. Mandamus § 72 at p. 125. Likewise, mandamus will lie to require a court to perform its judicial duties, but not to do so in any particular way. 55 C.J.S. Mandamus § 71 at p. 122.

Mandamus is a proper remedy to compel a district court to take action or perform duties as required by legislative enactments, such as here present. Flores v. Federici, 70 N.M. 358, 374 P.2d 119 (1962); Sender v. Montoya, 73 N.M. 287, 387 P.2d 860 (1963); State v. Phelps, 67 Ariz. 215, 193 P.2d 921 (1948). Compare, Laumbach v. Board of

County Commissioners, 60 N.M. 226, 290 P. 2d 1067 (1955).

The writ is made permanent.

It is so ordered.

MOISE, COMPTON and WATSON, JJ., concur.

NOBLE, C. J., not participating.